John Mack BUFORD, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 34470.

Missouri Court of Appeals,
Western District.

Dec. 13, 1983.

Joseph H. Locascio, John M. Torrence, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Janet E. Papageorge, Asst. Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P.J., and CLARK and KENNEDY, JJ.

PER CURIAM.

Movant appeals from denial of his Rule 27.26 motion. The attorney-general does not argue that the movant's complaints are not cognizable in a Rule 27.26 proceeding, but joins issue on the merits. We reverse

the judgment and remand for further proceedings.

Defendant John Mack Buford was convicted upon jury trial of first-degree robbery. The verdict fixed a punishment of 15 years' imprisonment.

Thereafter the trial court overruled defendant's motion for a new trial, after which, and before sentencing, the state proved, in accordance with its amended information, that the defendant previously had been convicted of four different felonies. The "judgment/sentence" entered by the court included the following:

> Thereupon the Court fixes the punishment of said defendant at fifteen (15) years, defendant to be confined at the direction of the Reception and Diagnostic Center, Division of Corrections, Jefferson City, Missouri, for said offense of Robbery in the first degree, Class "A" Felony.

> The Court further finds *that defendant was previously convicted of felonies committed at different times and not related to the instant crime as a single criminal episode.* The Court, therefore, finds the defendant is a persistent offender. (Emphasis ours.)

> The Court further finds that defendant is being sentenced for a felony during the commission of which he knowingly threatened the life of another person or knowingly threatened to inflict serious physical injury on another person.

> WHEREFORE, the sentence imposed is enhanced and the enhanced punishment of said defendant is ten (10) years, said punishment is to be consecutive, defendant to be confined at the direction of the Reception and Diagnostic Center, Division of Corrections, Jefferson City, Missouri, for said offense.

> WHEREFORE, IT IS ORDERED AND ADJUDGED BY THE COURT that said defendant, John Mack Buford, do undergo confinement at the direction of the Reception and Diagnostic Center, Division of Corrections, Jefferson City, Missouri, to be confined in the appropriate penal institution for a period of a total of Twenty-five (25) years....

■ Defendant's 27.26 motion complains, first, that "the trial court had no jurisdiction to sentence appellant beyond the jury-assessed sentence of 15 years in that it did not determine the basis for the extended term and make specific findings as to the basis for such extended term". On this point the movant must be upheld. The extended term procedure prescribed by § 558.021, RSMo 1978, in effect at the time of defendant's sentencing, required among other things that "the court determine the existence of the basis for the extended term and make specific findings to that effect". In *State v. Thompson,* 629 S.W.2d 361, 369 (Mo.App.1981), the finding of the court was "that the defendant is one who has been previously convicted of two felonies at different times, and not related to the instant crime". The court there held that such finding was insufficient, and required that the findings "describe the offenses which constitute the proof". 629 S.W.2d at 369.

The court's findings in this case do not measure up to the Thompson standard and defendant's point must be sustained.

In a second point in his brief, defendant asks us to consider as plain error the court's sentencing movant "to two separate terms of imprisonment, thereby causing appellant to be punished twice for the same offense, and thus violating the prohibition against double jeopardy found in the Fifth Amendment to the United States Constitution."

■ While the merits of movant's claim are quite dubious, still, since the case must be remanded for failure of the court to make specific findings as required by *Thompson,* the court is directed upon resentencing to comply with the *Thompson* requirements to make clear that the sentence is a single enhanced sentence and not two sentences.

Defendant's sentence is set aside and the case is remanded to the trial court for reimposition of sentence. See *State v. Thompson,* 629 S.W.2d 369, 370 (Mo.banc 1982).