**STATE of Missouri, Respondent,**

v.

**Gregory K. HUNT, Appellant.**

**No. WD 35348.**

Missouri Court of Appeals,
Western District.

Nov. 6, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Dec. 26, 1984.

Joseph H. Locascio, Sp. Public Defender, and John M. Torrence, Asst. Sp. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, C.J., and SHANGLER, and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from a jury conviction for burglary, second degree, in violation of § 569.170, RSMo 1978 and stealing over $150.00, in violation of § 570.030, RSMo 1978. Sentencing was entered pursuant to § 558.016, RSMo 1978. The conviction is affirmed, but the cause is remanded with instructions for the exclusive purpose of resentencing.

Appellant presents four points, which in summary charge that the trial court erred (1) in overruling appellant's motion for mistrial because of evidence of another offense for which appellant was not standing trial; (2) in overruling appellant's objection to testimony related to an in-custody statement of appellant because there was no showing that said statement was freely and voluntarily given or made, (3) in entering judgment because said judgment did not conform to requirements of § 558.021, RSMo 1978, and (4) in overruling appellant's motion for specific performance of a plea agreement.

There being no challenge to the sufficiency of the evidence, a summary of the pertinent facts suffices.

On October 23, 1982 at about 10:00 a.m., the victim, Sandra Wright, returned to her residence at 6109 McGee, Kansas City, Missouri. She observed that her residence had been burglarized. She also found on her dining room table a police report. She contacted neighbor and learned that the police had discovered the burglary. The victim informed the police that various jewelry items and a television set were missing. It was established that the combined value of these items exceeded $150.00.

A witness testified that he and his girlfriend were parked in his car in front of 6108 McGee at about 1:00 a.m. on October 23, 1982. He testified that a car pulled behind his vehicle and a man got out and proceeded across the street. A short time later, the witness observed the man return to his car, carrying what looked like a television set. After some difficulty, the man put the television set in his car. The man then returned across the street. This witness made a note of the license number and the make and model of the man's car. The witness, with his girlfriend, drove away, went around the block, and returned to observe that the man's car was gone. The girlfriend's father called the police.

A police officer testified to being dispatched to 647 East 61st Street, where upon arrival, the officer observed a vehicle matching the description and bearing the license number reported by the witness and his girlfriend. Other officers were summoned and a search of the area uncovered appellant crouched behind shrubbery at the 647 East 61st Street residence. Appellant was arrested and a search of his person pursuant to the arrest yielded jewelry items later identified by the victim.

On October 23, 1982 at about 9:00 a.m., appellant was questioned by an officer. The officer presented appellant the *Miranda* warning on a form card. Appellant acknowledged that he could read, but did not sign a *Miranda* waiver. The officer asked appellant if he had committed the burglary at 6109 McGee. Appellant responded, "I don't know why God is punishing me and letting me get caught. I have never killed anybody, all I do is steal."

Appellant offered no evidence after a hearing in which he was advised of his right to testify or not to testify. Appellant declined. The evidence closed. The jury returned its verdict. Judgment and sentence were entered. This appeal followed the overruling of timely-filed post-trial motions.

Under his point (1), appellant charges that the trial court erred in denying his motion for a mistrial because of testimony of another offense for which he was not standing trial.

During the state's case in chief, a witness was qualified as a fingerprint expert. He was handed an exhibit and identified it as a "latent lift card". During his identification of the document, the witness stated, "This is a latent lift card, which I received on the 25th of October, 1982 marked, indicated in connection with the burglary of Boyd Taylor."

At a bench conference, defense counsel declared to the court, "I object, Your Honor, it introduces evidence of other crimes and is prejudicial to my client, it's irrelevant and immaterial to this case. I would ask the jury be admonished to disregard the statement or in the alternative that a mistrial be ordered."

The trial court promptly granted counsel's request and admonished the jury to disregard the answer and to not consider it in its deliberation.

Appellant's point (1) is ruled against him, upon being found to be meritless.

■ The evidence of guilt was strong herein, and while in a close case the court's refusal to grant a mistrial upon introduction of evidence of other crimes could be prejudicial, such refusal in a case such as herein can be considered harmless. *State v. DeGraffenreid*, 477 S.W.2d 57 (Mo. banc 1972). Appellant herein obtained the alternative sought-after relief.

Under his point (2), appellant charges that the trial court erred in overruling his objection to testimony of a witness which confirmed a statement made by appellant, because the prosecution failed to establish that said statement was freely and voluntarily given.

Reduced to its simplest form, appellant's argument under point (2) is that the state had the burden to show that appellant's statement was freely and voluntarily given and that the statement was not secured in violation of appellant's constitutional protection against self-incrimination. Appel-

lant cites to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

When asked if he had committed the burglary in question, appellant responded, "I don't know why God is punishing me and letting me get caught. I have never killed anybody, all I do is steal." This statement followed the tender of a *Miranda* form which the officer-witness testified appellant read and returned to the officer. It was determined that appellant could read.

■ It is appellant's position that his conviction must be reversed because the trial court failed to make a finding that his statements were voluntary. It is appellant's position that such a finding must be that said statement was voluntary in clear and unequivocal terms. Such requirement is not necessary. *Sims v. Georgia*, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967).

■ The voluntariness of a confession is to be determined from and by the "totality of the circumstances". *Boulden v. Holman*, 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433 (1969), *State v. Olds*, 569 S.W.2d 745 (Mo. banc 1978). It is clear from the record before this court that appellant's statement was freely and voluntarily given. He was advised of his *Miranda* rights. Following this, he was asked if he had committed the burglary and his free response was as set forth above. His statement was a product of his own free will. *State v. Flowers*, 592 S.W.2d 167, 169 (Mo. banc 1979).

Point (2) is meritless and is denied.

Under his point (3), appellant asserts that the judgment and sentence are void because the trial court was without jurisdiction in that the judgment and sentence did not comply with § 558.021, RSMo 1978 upon the failure of the trial court to make specific findings of fact regarding appellant's being a persistent offender.

■ Appellant's point (3) can be disposed of without further discussion. It is sustained and the relief afforded is that this conviction is affirmed, but the cause is remanded for the exclusive purpose of resentencing within the rules announced in *State v. Thompson*, 629 S.W.2d 361 (Mo. App.1981), *State v. Slater*, 633 S.W.2d 439 (Mo.App.1982); *State v. Moore*, 633 S.W.2d 140 (Mo.App.1982), and *Buford v. State*, 662 S.W.2d 581 (Mo.App.1983).

Under his final point (4), appellant charges that the trial court erred in overruling his motion for specific performance of a plea bargain agreement, because the evidence clearly showed that prior to trial the parties entered into a plea agreement and that said agreement was breached by the state.

A brief account of the facts surrounding this issue is necessary. It is noted that the following facts were determined *after appellant's trial* but prior to sentencing. At no time did appellant enter a guilty plea in these proceedings. The present case, along with another charge against appellant were set for preliminary hearing on November 8, 1982. The hearing was continued to November 22, 1982 to work out a plea agreement. Former defense counsel for appellant testified that a plea offer was made by the prosecution. Defense counsel further testified, however, that she could not recall whether appellant accepted the offer. Appellant testified that he had accepted the plea offer. Appellant further testified that the parties approached the bench. Someone entered the courtroom and had a private conversation with the prosecutor. The prosecutor refused to go further with the plea proceedings. Original defense counsel was permitted to withdraw and was succeeded by other counsel. After trial but prior to sentencing, appellant filed his motion seeking specific performance of the plea agreement. After hearing evidence on this motion, relief was denied.

■ Appellant relies upon *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), but such reliance is misplaced, for that case involved the entry of a plea of guilty followed by the failure of the prosecution to carry out its part of the plea agreement. It should be noted

that the court herein was under no obligation to accept appellant's plea of guilty and any plea agreement. Appellant is afforded no constitutional guarantee of the acceptance of a plea or any attending agreement. *State v. Cotton,* 621 S.W.2d 296 (Mo.App. 1981), *State v. Lankford,* 565 S.W.2d 737 (Mo.App.1978). The motion herein was presented after appellant had gone to trial and was convicted by jury. Original defense counsel cast doubt upon appellant's acceptance of the plea agreement. It cannot be said that the trial court erred upon the whole of the evidence in that from that evidence the trial court could have found appellant had a mere expectation of the acceptance of a plea with an attending plea agreement.

Appellant's point (4) is meritless and is denied.

The judgment herein is affirmed, but the cause is remanded for the exclusive purpose of resentencing under the rules announced in *Thompson, Moore, Slater,* and *Buford, supra.*

All concur.