STATE of Missouri, Respondent,

v.

Randall WILLIAMS, Appellant.

No. WD 38677.

Missouri Court of Appeals,
Western District.

April 28, 1987.

Janet M. Thompson, Columbia, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before CLARK, C.J., and TURNAGE and NUGENT, JJ.

CLARK, Chief Judge.

Randall Williams was convicted by a jury of the offenses of first degree assault and possession of a weapon about the premises of a correctional institution. He was found by the court to be a prior and persistent offender and was sentenced to concurrent terms of ten years and five years.

The evidence presented at trial, recounted and recast by accepting as true that which was favorable to the verdict and rejecting evidence and inferences to the contrary, *State v. Fletcher*, 709 S.W.2d 924, 925 (Mo.App.1986), disclosed the following facts. On the afternoon of August 5, 1985, appellant and one Bolden became involved in an argument with the victim, Torrance, about an item of clothing. All were then inmates at the Missouri State Penitentiary. Bolden drew a knife and Torrance ran, with appellant and Bolden in pursuit. According to guards who witnessed the attack when appellant and Bolden caught Torrance, appellant inflicted a superficial laceration on Torrance's right

leg using an ice pick like object. Bolden cut Torrance with the knife on Torrance's left leg and left chest. The guards took the ice pick from appellant's hand and found a bloody substance on the tip.

In his first point of error, Williams contends the court erred in giving the jury the verdict directing instruction for assault in the first degree and in failing to order acquittal on that charge because the unchallenged evidence showed Torrance did not sustain serious physical injury. The thesis adopted rests on the assumption that the offense of first degree assault and the instruction both postulate a crime in which the victim is caused to sustain serious physical injury. Under this reasoning, appellant argues that superficial and non-life threatening knife wounds do not cause serious physical injury and therefore made no case of first degree assault.

The applicable statute, § 565.050, RSMo. 1986 provides:

"1. A person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person.

2. Assault in the first degree is a class B felony unless in the course thereof the actor inflicts serious physical injury on the victim in which case it is a class A felony."

It is apparent from the above that the proven occurrence of actual serious physical injury sustained by the victim is only material in the determination of whether the offense is a class A or class B felony. A conviction for first degree assault may be had on proof of the attempt to cause serious physical injury or on proof that serious physical injury was inflicted. If the former, then the offense is a class B felony. If the latter, the crime is a class A felony. The only difference in practical consequence is the range of punishment.

In this case, the verdict directing instruction for assault used the language, "attempted to kill or cause serious physical injury," thereby allowing a guilty verdict to be returned based on proof of an attempted assault with purpose to kill or cause serious bodily injury. The jury was also instructed that if serious physical injury was in fact inflicted, then it should return its verdict so stating. The verdict as returned did not include the last mentioned finding with the consequence that the conviction was for assault in the first degree, a class B felony. This was consistent with appellant's claim that serious physical injury to Torrance was not proved.

■■■ Appellant appears to rely on the information which charged the class A felony and on the caption of the judgment entry for his claim that he was convicted and sentenced for the class A felony, despite absence of proof of any serious injury inflicted. Notwithstanding any error in the judgment caption, which is at best unclear, the body of the judgment refers only to assault in the first degree and the punishment imposed was within the range of that provided for a class B felony. Williams was convicted and sentenced for the lower grade felony and therefore cannot base a claim for reversal on the lack of proof that the victim sustained serious physical injury. To the extent the caption on the judgment, which is not a part of the judgment, may indicate otherwise, it may and should be corrected by the trial court by entry nunc pro tunc. *Jolly v. State*, 616 S.W.2d 569, 571 (Mo.App.1981).

In a second point, Williams contends the court erred when it denied his motion for mistrial following the comment by the prosecutor in closing argument, referring to defendant, " * * * he is the one that has done exactly the same thing before." Williams argues that the statement was improper because it suggested to the jury that Williams was more likely to be guilty because he had previously committed another assault.

■■■ The record indicates the trial court sustained defense counsel's objection to the argument. The jury was not instructed to disregard the statement because counsel did not ask that relief, only a mistrial. The declaration of a mistrial is a drastic remedy that should be employed only in those extraordinary circumstances

in which prejudice to the defendant can be removed in no other way. Whether a mistrial should be declared rests largely within the discretion of the trial court and its ruling will not be disturbed in the absence of an abuse of discretion. *State v. Davis,* 653 S.W.2d 167, 176 (Mo. banc 1983). There was no abuse of discretion in this instance.

Although a prosecutor may not in closing argument refer to the accused's participation in prior unrelated crimes as a basis to convict for a current offense, prior convictions of the accused may be used in argument as a reflection upon the credibility of the accused if he has testified. *State v. Scott,* 716 S.W.2d 413, 416 (Mo.App. 1986). The excerpt from the state's argument quoted above was preceded by the words, "as to whether he is telling the truth." Both there and in other portions of the argument, the prosecutor indicated that Williams' previous convictions were mentioned as bearing on the credibility of Williams' testimony. The argument was therefore legitimate and the defense objection should have been overruled. It follows, of necessity, that the court did not err in denying a mistrial.

In a final point, appellant relies on plain error to argue that the court erred in failing to make findings of fact supporting the conclusion that appellant was a prior and persistent offender. Associated with this point is the claim that the punishment imposed was that appropriate to a class A felony involving infliction of serious bodily injury, as discussed above.

The range of punishment for a class B felony is a term of years not less than five nor more than fifteen. Section 558.011.-1(2), RSMo.1986. In the case of a persistent offender, the range of punishment is a term of years not to exceed thirty. Section 558.016.6(2), RSMo.1986. The sentence of ten years imposed on Williams was well within the range of punishment to be assessed for a class B felony, even without considering his status as a persistent offender.

In ruling on the persistent offender charge, the court referred to four exhibits, which were the records of previous convictions, and found Williams to be a persistent offender because he had been judged guilty of at least two previous felonies committed at different times. The court did not read into the record the details of the prior convictions. Appellant argues that because the dates and details of the offenses were not a part of specific findings required under the statute, § 558.021.1(3), RSMo.1986, there can be no finding of persistent offender status beyond a reasonable doubt.

The information upon which Williams was tried charged the accused as both a prior and a persistent offender. The prior felonies alleged were three instances of robbery first degree, to which Williams entered guilty pleas on October 20, 1980, and a charge of assault on which a guilty plea was entered September 12, 1984. Prior to trial in this case, the state introduced four exhibits in evidence and based on the exhibits, the court found Williams to have been convicted of at least two felonies committed at different times and therefore found Williams both a prior and a persistent offender. Appellant raised no objection at the time either to the exhibits or to the findings.

In support of the claim of error, appellant says the sentence imposed upon him as a prior and a persistent offender was invalid because there were no specific findings made regarding the dates of the previous offenses or any other factual components sufficient to satisfy the reasonable doubt standard in the statute. He suggests that the issue is in doubt because three of the convictions were entered on the same date thereby leaving open the possibility that those offenses did not occur at different times.

The record in this case as to the evidence presented and the findings by the court is much like that described in *State v. Wynn,* 666 S.W.2d 862 (Mo.App.1984), except that in *Wynn,* the evidence supporting extended sentencing was not offered before trial commenced. The court there held a general reference in the court's findings to the prior felony convictions, without stating de-

tails of the offenses, constituted a sufficient finding under the persistent offender statute. It is not entirely clear from that opinion as to whether the decision on that aspect of the case was based on a failure to show error or an absence of prejudice.

It is correct, as appellant here notes, that this court has vacated convictions and remanded cases for resentencing when the trial court has not made specific findings in accordance with § 558.021.1(3), RSMo.1986. *Brady v. State*, 685 S.W.2d 239 (Mo.App. 1985); *State v. Hunt*, 683 S.W.2d 271 (Mo. App.1984). In *Brady*, the reversal was based on the conclusion that no persistent offender hearing was ever held. The opinion in *Hunt* gives no indication as to how the trial court's action failed to comply with the statute.

A trial court is well advised to make a complete record in prior and persistent offender cases to forestall complaints about inadequate findings, and to include some detail about the dates and places of occurrence of the offenses which are most readily available at the time of the hearing. The absence of such findings need not, however, require resentencing in every case, only those in which prejudice actually results. *State v. Richardson*, 719 S.W.2d 884, 886 (Mo.App.1986). Here, we have no reluctance to say that no prejudice was demonstrated, first because at least two prior felonies were proved even if the three offenses involved in the October, 1980 pleas were committed at the same time. Second, it was unnecessary for the state to prove more than one previous offense, it being sufficient for sentencing, in view of the term imposed, if Williams were found to be a prior offender. Section 558.-016.2, RSMo.1986. *State v. Frentzel*, 717 S.W.2d 862, 865–66 (Mo.App.1986).

The judgment is affirmed.

All concur.