STATE of Missouri, Respondent,

v.

Tung Van NGUYEN, a/k/a Khang Nguyen, Appellant.

Tung Van NGUYEN, a/k/a Khang Nguyen, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 45787, WD 47824.

Missouri Court of Appeals, Western District.

Aug. 2, 1994.

1. Plaintiff has filed no brief nor otherwise appeared here.

Robert E. Steele, Jr., Asst. Appellate Defender, St. Louis, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before ULRICH, P.J., and BRECKENRIDGE and SPINDEN, JJ.

BRECKENRIDGE, Judge.

Tung Van Nguyen, also known as Khang Nguyen, appeals his conviction following a jury trial on one count class A felony robbery in the first degree, § 569.020, RSMo 1986 [1], two counts class A felony assault in the first degree, § 565.050, and three counts class A felony armed criminal action, § 571.015.1. Khang Nguyen was sentenced to thirty years in prison for robbery in the first degree, thirty years for the armed criminal action charge related to the robbery, and life in prison on each of the remaining four counts, to be served concurrently. Khang Nguyen also appeals the denial, without an evidentiary hearing, of his Rule 29.15 post-conviction motion.

The judgment of conviction is affirmed in part and reversed in part and remanded.

1. All statutory citations are to Revised Missouri Statutes 1986, unless otherwise indicated.

2. Doi Nguyen is unrelated to Khang Nguyen, appellant.

The denial of the post-conviction motion is affirmed.

Khang Nguyen raises five points on appeal. He alleges that the trial court (1) plainly erred and abused its discretion when it denied his motion for a mistrial after gloves allegedly seized from him were produced at trial and when the court denied his request to have testimony concerning the gloves stricken for failure to disclose; (2) abused its discretion in overruling his objections to the admission into evidence of Officer Harrell Hockemeier's photo spread and in-court identifications of Khang Nguyen; (3) erred in overruling Khang Nguyen's motions for judgment of acquittal; and (4) abused its discretion in overruling his objections to the admission of demonstrative evidence showing that the fingerprints and a palmprint of a co-defendant had been lifted from a countertop in the jewelry store where the crimes occurred. Khang Nguyen also claims (5) that the motion court erred in denying his post-conviction motion without an evidentiary hearing.

The evidence is viewed in the light most favorable to the State and the court disregards all contrary evidence and inferences. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc), *cert. denied,* —— U.S. ——, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993). On March 25, 1991, the Phu Thanh jewelry store at 521 Campbell in Kansas City, Missouri, was robbed. Nini Chamberlin and Khoa Lam, the owners, and two customers were inside the store around 3:30 p.m. Access to the store for customers was through a locked security door which is opened by a button inside the store. Doi Nguyen, a student who works part-time at the store,[2] came to the front door of the store seeking entrance. The security door was released and Doi Nguyen was given access to the entrance. Just as Doi Nguyen was entering the store, two men came up behind him with guns and forced their way into the store.[3]

3. The two men who forced their way into the store behind Doi Nguyen had been in the store on two previous occasions. On March 23, 1991, two men came to the store and sold a diamond to Nini Chamberlin. Doi Nguyen knew the men and knew that they were from California. On

The men started shooting. Speaking in Vietnamese, they ordered everyone to get down on the floor. Nini Chamberlin hid behind the counter but stated she could see everything. One assailant, later identified by Nini Chamberlin as Hung Nguyen[4], knocked Khoa Lam down and shot him. Khoa Lam testified that the bullet went "through his body."

As Doi Nguyen grabbed a gun kept in a drawer for protection, he was also shot. He ran to a restroom in the back and shut the door. The men cussed at Doi Nguyen, yelled at him to come out and shot back toward where he was hiding in the restroom. The men then broke the glass counters, took the jewelry out and left the store. After the robbery, Nini Chamberlin was unable to identify Khang Nguyen, appellant, as being one of the two men she observed robbing the jewelry store.

Vicki Townsend was a neighbor of the jewelry store at the time of the robbery. She lived in a second-floor apartment across the street. She testified that she heard a volley of gunshots at about 3:45 p.m. on March 25, 1991. She looked out her window and saw a silver van, with the word "safari" written on its side, parked in front of the jewelry store. In front of the van, Vicki Townsend observed a man holding a handgun against a woman's back and forcing her into the jewelry store. As Vicki Townsend watched through the glass front of the jewelry store, the man with the gun made the woman and another woman from inside the store lie on the floor.

Vicki Townsend called 911. She returned to a window and saw another man, whom she had seen earlier, holding something big and long covered with a towel or blanket. She then heard gunshots inside the store, "like machine-gun-type fire." Vicki Townsend observed a police car pull up just as three men exited the store. Vicki Townsend saw the "machine gun." She also saw the handgun and one man whose hands both were filled with jewelry. All three men took off run-

ning. Later, she was unable to identify any of the assailants.

Sergeant Harrell Hockemeier was the first police officer who answered the 911 call. As he approached in his car, he saw "three oriental males exit the jewelry store." The first man who came out, subsequently identified by Sergeant Hockemeier as Khang Nguyen, pointed a rifle at Sergeant Hockemeier, who ducked down in his car. When Sergeant Hockemeier raised up, he saw the man who pointed the weapon and another man running in one direction and the third man in another. Sergeant Hockemeier chased the single man. He apprehended the man, later identified as Tuan Vu, after finding him hiding behind a residence. Tuan Vu had several watches and bracelets and other jewelry in his possession. Sergeant Hockemeier later identified all three men in a photo lineup.

Officers David Edwards and Ronald Jenkins also answered the 911 call. As they arrived, Officers Edwards and Jenkins observed two men running in the street away from the store and ordered them to stop. When the two men did not stop, the police officers proceeded to chase them. Officers Edwards and Jenkins later identified the two men in a photo lineup as Khang Nguyen and Hung Nguyen.

During the chase Khang Nguyen and Hung Nguyen split up and ran in different directions. Officer Edwards followed Khang Nguyen and observed him throw down a semi-automatic rifle, a Ruger Mini–14. A Smith and Wesson revolver was later found on the path where Hung Nguyen ran. Khang Nguyen and Hung Nguyen rejoined and were seen running up a set of stairs to a porch. Khang Nguyen was pulling and knocking on the door of the building, while Hung Nguyen started emptying jewelry from his pockets. The men were apprehended and arrested.

Hung Nguyen was searched and found to have an assortment of jewelry in his coat pockets. Prior to being transported to the police department, the patrol wagon driver

---

Monday, March 25, 1991, the men returned to the store around 2:00 p.m. and bought a piece of jewelry. At that time Nini Chamberlin noticed that both men had guns.

4. Hung Nguyen is unrelated to appellant, Khang Nguyen, and to Doi Nguyen.

also searched Khang Nguyen. This officer found a green jade bracelet on a red and white mortar board in Khang Nguyen's pocket. The jewelry recovered from Khang Nguyen was later identified by Nini Chamberlin as belonging to the jewelry store.

During the investigation of the robbery, Hung Nguyen's fingerprints and palmprints were found on the countertops of the jewelry store. Khang Nguyen's fingerprints were lifted from the chamber of the Smith and Wesson revolver recovered from the path upon which Hung Nguyen had run. Vicki Townsend, the neighbor, testified that the Smith and Wesson revolver looked like the gun that was "up against the woman's back." Crime scene investigators found two .357–caliber spent bullets, which could have been fired from either the Smith and Wesson revolver discarded by Hung Nguyen or a Schmidt .38 revolver which was recovered from inside the jewelry store.

In addition, a .223 Remington shell casing was found inside the jewelry store. An expert testified that it was fired from the Ruger Mini–14 semi-automatic assault rifle abandoned by Khang Nguyen when he was running from the police. Vicki Townsend testified that the Ruger Mini–14 rifle "looked just like" the gun held by one of the men coming out of the jewelry store. Sergeant Hockemeier also testified that the Ruger Mini–14 rifle "appears to be the same weapon that was pointed in my direction" by Khang Nguyen.

When Khoa Lam and Doi Nguyen were taken to the hospital, they were described by Nini Chamberlin as "in critical." Khoa Lam was shot in the hip. Doi Nguyen had been shot "in the right chest, in the left flank and the left thigh, upper thigh." The emergency room doctor who treated Doi Nguyen testified that when Doi Nguyen was brought to the hospital he was in serious condition; "he had the potential for his condition or his present state to deteriorate further and that included the possibility of death." After surgery, Doi Nguyen was transported to the intensive care unit in "critical, but stable condition."

A jury found Khang Nguyen guilty of class A felony robbery in the first degree, two counts class A felony of assault in the first degree, and three counts class A felony of armed criminal action. The trial court accepted the jury's recommendation for sentencing and imposed sentences of thirty years in prison for class A felony robbery in the first degree, thirty years for class A felony armed criminal action in commission of the robbery and life in prison on the remaining four counts. Khang Nguyen appeals from these convictions. Khang Nguyen also filed a pro se motion and an amended motion for post-conviction relief pursuant to Rule 29.15. The motion court denied Khang Nguyen's 29.15 motion without an evidentiary hearing. Khang Nguyen filed a timely appeal of that denial. The appeals of the conviction and the post-conviction motion are consolidated in this proceeding.

## I

Khang Nguyen's first point on appeal is that the trial court plainly erred and abused its discretion when it denied his motion for a mistrial after gloves allegedly seized from him were produced at trial and when the court denied his request to have testimony concerning the gloves stricken. Khang Nguyen objected to testimony about the gloves and the admission of the gloves into evidence, because the State failed to disclose the existence of the gloves in violation of Rule 25.03(A)(6).

Khang Nguyen did not preserve this argument for appeal in that he did not raise the issue of the gloves in his motion for new trial. *State v. Becton,* 841 S.W.2d 315, 320 (Mo.App.1992). Therefore, point one will be reviewed for plain error. *Id.* Plain error relief is only available when the defendant can show that the alleged error affects the defendant's rights in such a way that a manifest injustice or miscarriage of justice results. *State v. Isa,* 850 S.W.2d 876, 884 (Mo. banc 1993). The burden is upon the movant to prove that the alleged error has resulted in manifest injustice. *Id.*

Although Officer Edwards originally testified at trial that Khang Nguyen was not wearing gloves, he stated during redirect examination that a pair of black gloves had

been recovered from Khang Nguyen. The gloves were received in evidence over the objection of Khang Nguyen. After defense counsel cross-examined Officer Edwards about the gloves and his failure to refer to the gloves in his report, defense counsel requested that the testimony concerning the gloves be stricken for failure to disclose and that the judge declare a mistrial. The State responded to Khang Nguyen's requests by advising the court that the State had not intended to offer the gloves, but did so in response to Officer Edwards' testimony on cross-examination that Khang Nguyen had not been wearing gloves.

The trial court denied Khang Nguyen's request that the testimony concerning the gloves be stricken, as well as his request for a mistrial. The trial court advised Khang Nguyen that the court would allow cross-examination concerning Officer Edwards' failure to refer to the gloves in his report. The cross-examination by Khang Nguyen's counsel revealed that neither Officer Edwards or Officer Jenkins remembered recovering the gloves from Khang Nguyen, there was no property slip on the bag containing the gloves, and Officer Jenkins' physical evidence inventory report included a pair of black gloves recovered from Hung Nguyen, rather than Khang Nguyen.

Rule 25.03(A)(6) requires disclosure by the State, upon written request by a defendant, of "[a]ny . . . objects, which the state intends to introduce into evidence at the hearing or trial or which were obtained from or belong to the defendant." Officer Edwards' report which had been provided to defense counsel did not refer to any gloves seized from Khang Nguyen. Nor were any gloves disclosed to Khang Nguyen or his counsel in response to Khang Nguyen's written request for discovery under Rule 25.03. The first disclosure to defendant of the gloves occurred when the State referred to them during its redirect examination of Officer Edwards.

In response to a failure to comply with applicable discovery rules, "the court may order such party to make disclosure of material and information not previously disclosed, grant a continuance, exclude such evi-

dence, or enter such other orders as it deems just under the circumstances." Rule 25.16. Imposition of sanctions for a discovery violation is within the sound discretion of the trial court. *State v. Reichert,* 854 S.W.2d 584, 597 (Mo.App.1993). "Failure to impose sanctions for a discovery violation will be considered an abuse of discretion if the violation resulted in fundamental unfairness or substantively altered the outcome of the case." *Id.*

Khang Nguyen contends that the trial court abused its discretion and plainly erred in permitting evidence of the gloves and failing to declare a mistrial because the cornerstone of Khang Nguyen's defense was the lack of identification by the victims and witnesses and the absence of Khang Nguyen's prints upon the Ruger Mini–14 rifle. Khang Nguyen claims that the production of the gloves in the middle of trial took his counsel by surprise and negated his trial preparation. He argues that the gloves "finally linked [Khang Nguyen] to the weapon and, by implication, the robbery while eliminating the state's need to explain why [Khang Nguyen's] prints were not on the weapon."

The trial court's denial of Khang Nguyen's request that the gloves be excluded and his motion for a mistrial was not an abuse of discretion. The admission of the undisclosed gloves did not result in fundamental unfairness or substantially alter the outcome of the case. Through cross-examination, Khang Nguyen raised the inference that Officer Edwards was mistaken and no gloves were recovered from Khang Nguyen, but rather were recovered from Hung Nguyen. In addition, Officer Edwards testified that because he saw Khang Nguyen throw the Ruger Mini–14 rifle down, he did not worry about checking the rifle for fingerprints. Since the rifle was never tested for fingerprints, Khang Nguyen did not have a viable defense that the lack of Khang Nguyen's fingerprints on the rifle was proof that he had not possessed the rifle and, therefore, was not connected to the robbery.

Nor has Khang Nguyen established manifest injustice in the trial court's rulings concerning the gloves. There was other evidence at trial, independent of the gloves, which negated Khang Nguyen's defense that

he was an innocent bystander who fled the police because of fear. Officer Hockemeier testified that Khang Nguyen exited the jewelry store with two other men. Officer Hockemeier saw Khang Nguyen point the Ruger Mini–14 semi-automatic assault rifle at him before Khang Nguyen fled. Officers Edwards and Jenkins saw Khang Nguyen and Hung Nguyen flee from in front of the jewelry store, despite being ordered to stop. Officer Edwards observed Khang Nguyen throw down the Ruger Mini–14 rifle used in the robbery. Khang Nguyen's fingerprint was found on the cylinder of the Smith and Wesson revolver which Hung Nguyen discarded. When Khang Nguyen was apprehended, he had jewelry from the robbery in his pocket. "Where defendant's guilt is established by overwhelming evidence, no injustice or miscarriage of justice results from refusal to invoke the plain error rule." *State v. Salkil,* 837 S.W.2d 367, 370 (Mo.App.1992). Point one is denied.

## II

In point two, Khang Nguyen argues that the trial court abused its discretion in overruling his pretrial motion to suppress and his subsequent objections at trial to the identification by Sergeant Harrell Hockemeier of Khang Nguyen in a photo spread lineup and in court. Khang Nguyen argues that the photo lineup was unnecessarily suggestive because all three men arrested at the crime scene were placed in the six-man lineup and nothing was done to place Khang Nguyen in a lineup with individuals of similar features. He further argues that Sergeant Hockemeier's identification of Khang Nguyen was not based on his observation of Khang Nguyen during the commission of the crimes, but instead from Sergeant Hockemeier's viewing of Khang Nguyen after his arrest.

Khang Nguyen filed a motion *in limine*, which was subsequently denied, to exclude evidence of the photo lineup based upon the inclusion of all three suspects and the failure to include others with long hair similar to that of Khang Nguyen. During the trial, Khang Nguyen did not object to Sergeant Hockemeier's in-court identification of Khang Nguyen. Nor did Khang Nguyen object

when Sergeant Hockemeier testified that he identified photograph No. 5 in the photo spread lineup as the man who pointed a gun at him as Sergeant Hockemeier approached the jewelry store. Sergeant Hockemeier further testified without objection that photograph No. 5 was a picture of Khang Nguyen. The only objection at trial was to the admission into evidence of Exhibit No. 13, the photo spread in its entirety. The basis for the objection was the dissimilar physical characteristics of the individuals in the photo spread. The grounds for such objection did not encompass the inclusion in the photo lineup of the other two men arrested with Khang Nguyen.

"When a pretrial motion to suppress identification testimony is made and overruled, timely objection to the identification testimony must be made during the trial in order to preserve that question for appellate review." *State v. Rider,* 664 S.W.2d 617, 619 (Mo.App. 1984). The absence of an objection at trial to identification evidence fails to preserve the identification issue for appellate review. *State v. Overstreet,* 694 S.W.2d 491, 494 (Mo. App.1985).

Khang Nguyen failed to preserve for appeal his claim that admission of the photo lineup was erroneous because the lineup included all three suspects, as well as his challenge to the reliability of Sergeant Hockemeier's identification based upon the time Sergeant Hockemeier had to observe the man pointing the gun. Therefore, the only review available to Khang Nguyen on these issues is plain error review. *Id.* The court conducted such a review, although the analysis of the review is not included in this opinion. With regard to the identification evidence challenged on appeal but not objected to at trial, there was no manifest injustice in its admission.

The one identification issue preserved by Khang Nguyen for appeal is whether the trial court erred in admitting the photo spread because the five other individuals in the photographs were not sufficiently similar in appearance to Khang Nguyen. "The cornerstone of an analysis for 'impermissibly suggestive' photo identification procedures is whether the witness'[s] identifica-

tion is the result of 'improper comment or activity on the part of the officer showing the photograph....'" *State v. Cooper,* 811 S.W.2d 786, 789 (Mo.App.1991) (quoting from *State v. Thomas,* 705 S.W.2d 579, 582 (Mo. App.1986)). An identification is impermissibly suggestive if made in response to the suggestion or encouragement of the police and not on the basis of the witness's own recollection and observation of the defendant. *Id.* When the procedures used by the police are found to be impermissibly suggestive, the second step of the inquiry is to determine whether the suggestive procedures make the identification at trial unreliable. *State v. Vinson,* 800 S.W.2d 444, 446 (Mo. banc 1990); *State v. Anthony,* 857 S.W.2d 861, 866 (Mo. App.1993). The first prong of suggestiveness must be met before a reliability review will be conducted. *Vinson,* 800 S.W.2d at 446.

■ A lineup is not impermissibly suggestive because the participants have dissimilar physical characteristics such as hairstyle, age and height. *Anthony,* 857 S.W.2d at 867. All that is required is a reasonable effort to find individuals with similar physical characteristics. *Id.*

Detective Darlene Phillips arranged the photo spread shown to Officer Hockemeier. Detective Phillips testified that she used photographs which matched the facial characteristics of the suspects as closely as possible. The photo spread exhibit was not included with the record on appeal. On the record before us, this court finds that there was sufficient evidence to support the trial court's ruling that Detective Phillips made a reasonable effort to include individuals with similar physical characteristics so that the photo spread line-up was not impermissibly suggestive.

Because Khang Nguyen did not prove the first prong of suggestiveness, he is not entitled to a reliability review. *Vinson,* 800 S.W.2d at 446; *Anthony,* 857 S.W.2d at 866. Point two is denied.

### III

■ As his third point on appeal, Khang Nguyen asserts that the court erred in over-

ruling his motions for judgment of acquittal because there was insufficient evidence to support his conviction of class A felony robbery in the first degree, two counts of class A felony assault in the first degree and three counts of armed criminal action. Khang Nguyen argues that there is no evidence that he committed the robbery along with the other two men or that, even if he did, there is no evidence that he shot Doi Nguyen or shot and caused serious physical injury to Khoa Lam.

In determining the sufficiency of the evidence to support a conviction, this court views all of the evidence and inferences favorable to the State as true and disregards all of the evidence and inferences to the contrary. *State v. Villa–Perez,* 835 S.W.2d 897, 900 (Mo. banc 1992); *State v. Blewett,* 853 S.W.2d 455, 457 (Mo.App.1993). The appellate court's review is limited to the determination of whether there is enough evidence from which a reasonable juror could find the defendant guilty beyond a reasonable doubt. *Villa–Perez,* 835 S.W.2d at 900. This court does not weigh the evidence. *Id.* The reliability or credibility of the witnesses is left to the jury to decide. *State v. Franklin,* 854 S.W.2d 55, 57 (Mo.App.1993).

■ The case against Khang Nguyen was submitted to the jury on an acting-in-concert theory. The jury was instructed that:

A person is responsible for his own conduct and he is also responsible for the conduct of other persons in committing an offense if he acts with them with the common purpose of committing that offense, or if, for the purpose of committing that offense, he aids or encourages the other persons in committing it.

MAI–CR 3d 304.04 (based upon §§ 562.036 and 562.041). It is not necessary that a defendant personally participate in each of the acts constituting the elements of the crime charged. *State v. Jeffries,* 858 S.W.2d 821, 824 (Mo.App.1993). It is sufficient if the evidence fairly shows an affirmative participation by the defendant in aiding another in the commission of the crime. *Id.*

Aiding in the commission of a crime may be inferred from a defendant's "presence at the scene of the crime, flight therefrom and

association with others involved before, during, and after the commission of the crime." *State v. Carter*, 849 S.W.2d 624, 627 (Mo.App. 1993) (quoting *State v. Lager*, 744 S.W.2d 453, 456 (Mo.App.1987)). Proof of any form of participation in the crime is enough to sustain Khang Nguyen's conviction. *Id.*

The record, as previously set forth in detail, contains substantial evidence from which a jury could have found Khang Nguyen guilty beyond a reasonable doubt when considering his own conduct and his aid to Hung Nguyen and Tuan Vu in the commission of the robbery and the shootings. Despite strong evidence of his guilt, Khang Nguyen argues that Nini Chamberlin and Vicki Townsend testified that there were only two men involved in the robbery and Nini Chamberlin, Vicki Townsend and Khoa Lam could not identify him as one of the assailants. Therefore, he contends that Officer Hockemeier's testimony that he saw Khang Nguyen leaving the store with two other men must be incorrect.

The credibility and reliability of Sergeant Hockemeier's identification testimony was a question of fact for the jury, and from the verdicts of guilty it is obvious that the jury found his testimony to be credible. In addition, the evidence clearly supports the inference that there were three men who robbed the jewelry store, not two. Nini Chamberlin testified that initially two men entered the jewelry store behind Doi Nguyen and then fired shots. When Vicki Townsend heard the first shots, she looked out her window and saw a man in front of the jewelry store holding a gun to the back of a woman. This third man then forced the woman to enter the jewelry store. Vicki Townsend further testified that she saw the men exit the jewelry store and that "one man went south and I don't know where the other *men* went." (Emphasis added).

With regard to the identification of Khang Nguyen, Khoa Lam was not asked whether Khang Nguyen was one of the robbers. Nini Chamberlin could not identify Khang Nguyen as one of the two men she saw enter the store behind Doi Nguyen. She did not say Khang Nguyen was not one of the assailants, only that she could not identify him. Vicki

Townsend was unable to identify any of the three suspects. In spite of the inability of Nini Chamberlin and Vicki Townsend to identify Khang Nguyen, there was clearly substantial evidence from which the jury could have found him guilty beyond a reasonable doubt.

■ Khang Nguyen's final argument under point three is that there was insufficient evidence to convict Khang Nguyen of the class A felony of assault in the first degree in the shooting of Khoa Lam, because the State presented no evidence that Khoa Lam suffered serious physical injury. Section 565.050 provides:

1. A person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person.

2. Assault in the first degree is a class B felony unless in the course thereof the actor inflicts serious physical injury on the victim in which case it is a class A felony.

■ Khang Nguyen or one of the other assailants with whom Khang Nguyen was acting in concert knocked down Khoa Lam and shot him. Proof that a deadly weapon was fired at the victim, wounding him, is enough evidence for a jury to find the class B felony of assault in the first degree. *State v. McMahan*, 821 S.W.2d 110, 112 (Mo.App. 1991), *overruled on other grounds by State v. Parker*, 836 S.W.2d 930, 935–36 (Mo. banc 1992). To raise the offense from a class B felony to a class A felony, there must be additional proof that serious physical injury was actually inflicted on Khoa Lam. *State v. Williams*, 728 S.W.2d 690, 692 (Mo.App. 1987); § 565.050.2.

"Serious physical injury" is defined as physical injury creating a substantial risk of death or serious disfigurement or protracted loss or impairment of the function of any part of the body. Section 565.002(6). There was no evidence that Khoa Lam suffered from serious disfigurement or protracted loss or impairment of any body part. The issue then is whether the evidence was sufficient to support a finding that "the injuries inflicted in the assault, viewed objectively, are of a degree of severity sufficient to raise a legiti-

mate concern that the victim would expire...." *State v. Adams,* 808 S.W.2d 925, 931–32 (Mo.App.1991) (quoting *State v. Johnson,* 770 S.W.2d 263, 266 (Mo.App.1989)).

Khoa Lam was shot once and Nini Chamberlin thought he was dead. Khoa Lam stated the bullet "went through his body." He demonstrated where he was shot, but the demonstration was not preserved in the record. From Officer Jenkins' testimony, it can be inferred that Khoa Lam was shot in the hip. Nini Chamberlin said Khoa Lam was taken to the hospital "in critical." The State did not offer any medical testimony or medical records to establish the details of his condition. The only evidence addressing the seriousness of Khoa Lam's condition is from Nini Chamberlin, a lay witness.

Without a supporting factual basis, Nini Chamberlin's conclusions that she thought Khoa Lam was dead and he was taken to the hospital "in critical" are insufficient evidence that Khoa Lam's injuries created a substantial risk of death. Khang Nguyen's conviction for class A felony of assault in the first degree is reversed. Because there was sufficient evidence to support a conviction of Khang Nguyen for the lesser included offense of class B felony assault in the first degree, this count is remanded for entry of a judgment of conviction and sentencing on the class B felony. *State v. O'Brien,* 857 S.W.2d 212, 220 (Mo. banc 1993).

■ Khang Nguyen was convicted and sentenced on Count VI, the class A felony armed criminal action charge corresponding to the felony assault in the first degree for the shooting of Khoa Lam. As the underlying felony assault in the first degree has been reduced from a class A felony to a class B felony, the sentence on Count VI should also be reversed to give the sentencing judge an opportunity to reconsider the appropriate punishment at the time he imposes sentence on the class B felony assault in the first degree. Utilizing the inherent power of the courts to prevent the miscarriage of justice, *see McCauley v. State,* 866 S.W.2d 892, 894 (Mo.App.1993) ("[W]e have discretion to exercise our inherent power only to prevent a miscarriage of justice."), this court remands Count VI to the trial court with the direction that the trial court resentence on the armed criminal action conviction at the time that the court imposes a sentence for the underlying class B felony assault in the first degree.

## IV

■ Khang Nguyen claims in his fourth point that the trial court abused its discretion by admitting demonstrative evidence over Khang Nguyen's objection. The evidence showed the thumbprint and palmprints of a co-defendant, Hung Nguyen, which had been lifted from a countertop in the jewelry store where the crimes occurred. Khang Nguyen argues the evidence was not relevant and the probative value of the evidence was outweighed by the prejudicial effect of its admission. He claims the admission of the thumbprint and palmprints was prejudicial since the evidence tended to confuse the jury and caused it to believe that Khang Nguyen was guilty of a crime for which he was not charged.

Determination of the relevancy and admissibility of evidence is a matter clearly within the discretion of the trial court and will not be reversed in the absence of an abuse of that discretion. *State v. Burns,* 795 S.W.2d 527, 531 (Mo.App.1990). When evidence tends to prove or disprove a fact in issue or when it corroborates other material evidence, it is relevant and admissible. *Id.*

Khang Nguyen argues that the thumbprint and palmprints of his co-defendant are not relevant to his guilt of the crimes with which he is charged. This argument seems to be based upon the mistaken belief that Khang Nguyen is only criminally responsible for his own conduct, ignoring his liability for the actions of Hung Nguyen and Tuan Vu under the acting-in-concert theory.

Since there was evidence that Khang Nguyen and Hung Nguyen were acting together to commit the crimes charged, acts of either done in the furtherance of an offense are admissible against the other. *State v. Daughtery,* 631 S.W.2d 637, 643 (Mo.1982), *overruled on other grounds by State v. Baker,* 636 S.W.2d 902, 904 (Mo. banc 1982), *as noted in, McKown v. State,* 682 S.W.2d 38, 40 (Mo.App.1984). Demonstrative evidence which corroborates testimonial evidence that Hung Nguyen participated in the crimes also

tends to prove the guilt of Khang Nguyen. *State v. McAllister,* 534 S.W.2d 611, 612 (Mo. App.1976). The thumbprint and palmprints were relevant to the identification of Hung Nguyen as a perpetrator of the crime, so such evidence was relevant and admissible against Khang Nguyen. Point four is denied.

### V

As his fifth point, Khang Nguyen claims that the motion court was clearly erroneous in denying, without an evidentiary hearing, his Rule 29.15 motion for post-conviction relief. Khang Nguyen asserts that he received ineffective assistance of counsel at trial in that his trial counsel refused to call as witnesses his two co-defendants, despite Khang Nguyen's repeated requests that they testify. Khang Nguyen alleged in his motion that if his co-defendants had been called as witnesses, they would have testified that Khang Nguyen was not among those who robbed the Phu Thanh Jewelry Store.

Appellate review is limited to a determination of whether the motion court's findings, conclusions and judgment are clearly erroneous. *State v. Starks,* 856 S.W.2d 334, 336 (Mo. banc 1993); Rule 29.15(j). "After a review of the entire record, the findings and conclusions will only be found to be clearly erroneous if this court is left with a definite and firm impression that a mistake has been made." *State v. Walden,* 861 S.W.2d 182, 185 (Mo.App.1993). To be entitled to an evidentiary hearing, a post-conviction movant must (1) "allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant." *Starks,* 856 S.W.2d at 336. When the files and records conclusively demonstrate that the movant is not entitled to relief, then no evidentiary hearing is necessary. *State v. Pendleton,* 860 S.W.2d 807, 811 (Mo.App.1993).

Khang Nguyen's claim of ineffectiveness of counsel is refuted by his testimony at sentencing. In response to the inquiries of the trial court, Khang Nguyen stated that his trial counsel did everything that Khang Nguyen requested and thought trial counsel should do; that trial counsel did not do any-

thing that Khang Nguyen did not want trial counsel to do; and that Khang Nguyen believed that he was competently represented by trial counsel. Having testified on the record and under oath that he is satisfied with the performance of his trial counsel, Khang Nguyen is precluded from alleging the contrary in a post-conviction motion and is not entitled to a hearing for the purpose of presenting evidence contradicting his prior testimony. *Id.* Point five is denied.

The convictions of robbery in the first degree, assault in the first degree of the victim, Doi Nguyen, and the corresponding two counts of armed criminal action are affirmed. The conviction and sentence on the class A felony assault in the first degree of the victim, Khoa Lam, as well as the sentence on Count VI, the class A felony armed criminal action corresponding to the assault, are reversed. The cause is remanded to the trial court for the entry of a judgment of conviction of the class B felony assault of the victim, Khoa Lam, and the resentencing of Khang Nguyen on both the class B felony of assault in the first degree and the corresponding class A felony of armed criminal action. The denial of Khang Nguyen's post-conviction motion is affirmed.

All concur.