STATE of Missouri, Respondent,

v.

Robert GOODSON, Appellant.

No. 70145.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 11, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 23, 1997.

Gwenda R. Robinson, Asst. Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Christine M. Blegen, Asst. Attorney General, Jefferson City, for Respondent.

CRANDALL, Judge.

Defendant, Robert Goodson, appeals from the judgment of convictions, entered pursuant to jury verdicts, of the class A felony of assault in the first degree, § 565.050, RSMo(1994), and of armed criminal action, § 571.015, RSMo(1994). The court sentenced him as a prior and persistent offender to terms of imprisonment of 25 years on each count, the sentences to run concurrently. We affirm.

Defendant challenges the sufficiency of the evidence. The evidence, viewed in the light most favorable to the verdicts, established that on October 7, 1992, at approximately 5:00 a.m., an attendant on duty at a service station observed an automobile pull onto the lot. She saw defendant and the female victim exit the automobile. They were arguing. Defendant struck the victim and she fell to the ground. The victim got up and ran to the back of the automobile. Defendant struck her again and she fell to the ground. While she was in a prone position on the ground, he shot her with a .25 caliber semi-automatic pistol (gun), firing the gun four to six times. Defendant then walked over to the booth where the attendant was located and deposited the gun into the sliding drawer used for change.

The police officer who responded to the scene testified that he found the victim bleeding from her legs and chest. The attendant informed the officer that defendant, who remained standing on the station lot, had shot the victim and had placed the gun in the sliding drawer. The officer arrested defendant. A search of the area behind the vehicle uncovered shell casings and bullet fragments. Tests later revealed that three of the four shell casings matched the gun.

At trial, the victim did not testify. Medical records from the hospital were admitted as business records under § 490.692, RSMo(1994) and were read into evidence. Those records indicated that the victim had been hospitalized for six days. She had sustained gunshot wounds to her right and left thighs and to her neck. X-rays had revealed bullet fragments in her chest and in her abdomen. She also had undergone an arteri-ogram and a laparoscopy, both of which revealed no internal injuries.

Defendant did not testify at trial. A woman whose house defendant and the victim visited earlier the morning of the shooting testified on defendant's behalf. The witness stated the victim and defendant were arguing at her home. As they were leaving, the victim dropped her purse and a gun fell out of it. The victim returned the gun to her purse. After the shooting, the witness talked to the attendant at the service station who told her that she had seen the victim with a gun and that defendant and the victim had "scuffled" over the gun.

The jury found defendant guilty of assault in the first degree and of armed criminal action. The court entered judgment in accordance with the verdicts and sentenced defendant as a prior and persistent offender to concurrent terms of imprisonment of 25 years on each count.

■ In his first point, defendant contends there was insufficient evidence to convict him of assault in the first degree for shooting the victim. He argues the State did not prove beyond a reasonable doubt that the victim suffered serious physical injury.

■ In reviewing a challenge to the sufficiency of the evidence, an appellate court's review is limited to a determination of whether there was sufficient evidence from which a reasonable juror could have found the defendant guilty beyond a reasonable doubt. *State v. Ross*, 923 S.W.2d 354, 356 (Mo.App. W.D.1996). The appellate court views all the evidence and reasonable inferences drawn therefrom in the light most favorable to the prosecution and disregards all evidence and inferences to the contrary. *Id.*

■ Section 565.050 provides:

1. A person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person.

2. Assault in the first degree is a class B felony unless in the course thereof the actor inflicts serious physical injury on the victim in which case it is a class A felony.

Serious physical injury is defined in § 565.002(6), RSMo(1994) as "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body." Here, there was no evidence that the victim suffered from serious disfigurement or protracted loss or impairment of any body part. The issue then is whether the evidence was sufficient to support a finding that the nature and extent of the injuries inflicted in the assault, viewed objectively, were such that there arose a legitimate concern that the victim would expire. *State v. Nguyen,* 880 S.W.2d 627, 635–636 (Mo.App. W.D.1994), *overruled on other grounds by State v. Driver,* 912 S.W.2d 52 (Mo.banc 1995). To use the language of § 565.002(6), the issue is whether the injuries created a "substantial risk of death."

Defendant points to the victim's failure to testify at trial regarding the nature and extent of her injuries; and relies on *Nguyen,* 880 S.W.2d at 635, to support his proposition that absent such testimony from the victim, the testimony of the police officer, a lay witness, about the victim's injuries at the scene was not sufficient to establish the seriousness of her injuries. In *Nguyen,* the victim testified that he was shot once and the police officer's testimony inferred that the victim was shot in the hip. *Id.* at 636. The only evidence addressing the victim's condition was from a lay witness who testified that she thought the victim was dead and that he was taken to the hospital "in critical." *Id.* The State offered no medical testimony or records to establish the details of the victim's condition. *Id.* The court found the evidence was not sufficient to establish that the victim's injuries created a substantial risk of death. *Id.*

■ The present case, however, differs from *Nguyen* in that the severity of the victim's injuries was not based solely on the testimony of the police officer. Rather, the victim's medical records were admitted and read into evidence. Those records established that the victim sustained gunshot wounds to her neck, right thigh, and left thigh; that she underwent laparoscopic surgery and x-rays; that bullet fragments were found in her chest and in her abdomen; and that she was hospitalized for six days. There was sufficient evidence that the multiple gunshot wounds sustained by the victim were life threatening. *See State v. Ross,* 923 S.W.2d 354, 357 (Mo.App. W.D.1996) (victim's testimony that he was shot in the chest, causing hospitalization in intensive care, sufficient to establish that injury was life threatening). The mere fact that the victim recovered did not render proof of serious physical injury insufficient. *See State v. Trimmer,* 849 S.W.2d 725, 727 (Mo.App. E.D.1993). In addition, given the admission of her medical records, it was not necessary for the victim to testify regarding her injuries. *See State v. Hollensbe,* 720 S.W.2d 14, 15 (Mo.App. 1986) (although the victim had no memory of the shooting, documentary evidence in the form of a ballistics report was sufficient to prove the gravity of a gunshot wound to the victim's head). There was sufficient evidence that the victim's injuries created a substantial risk of death and that defendant inflicted serious physical injury on the victim. Defendant's first point is denied.

■ In his second point, defendant claims the trial court erred in refusing to permit him to argue impeachment evidence as substantive evidence in his closing argument. The relevant facts are that the attendant testified at trial. During cross-examination, defense counsel asked her if she remembered talking to a woman who came to the station shortly after the shooting. The attendant stated she did not remember. The following exchange then occurred:

[DEFENSE COUNSEL]: Didn't you tell that woman that you saw [the victim] with a gun that night?

[ATTENDANT]: No. I remember talking to the lady now and no, I did not tell her that I seen her with that gun. I asked her where the lady was so that I could send her a get well card because I was really worried about her, it was a customer. Yes, ma'am, I do remember now.

[DEFENSE COUNSEL]: And so you never said to her that you saw [the victim] with a gun, that's your testimony?

[ATTENDANT]: No, I did not. I said I would like to get her name or what hospi-

tal she's in so I could send her a card or find out how she was doing.

After the State rested, the defense called the woman with whom the attendant had spoken. She testified that the attendant told her that she had seen the victim with a gun and observed the victim and defendant struggle over the gun.

Defendant has failed to demonstrate how he was prejudiced by the court's ruling that the attendant's allegedly inconsistent statement was not admissible as substantive evidence. The instruction on assault in the first degree required the jury to find that defendant "knowingly caused serious physical injury to [the victim] by shooting her." It is immaterial that the victim either was in possession of the gun prior to the shooting or that she engaged in a struggle with defendant over the gun. The only issue was whether defendant shot the victim multiple times when he came into possession of the gun. Defendant's second point is denied.

In his third point, defendant asserts the trial court erred in failing to instruct the jury on the lesser included offense of assault in the second degree. His first argument is that there was not sufficient evidence of serious physical injury. That issue was addressed under point one of this opinion and was found to be without merit. Defendant's second argument is that there was evidence that defendant acted under the influence of sudden passion when he shot the victim. We have reviewed the record and find that defendant's contention is without merit. No jurisprudential purpose would be served by written opinion. Defendant's third point is denied pursuant to Rule 30.25(b).

In his fourth point, defendant claims the trial court erred in overruling his *Batson* challenge to the State's exercise of its peremptory strikes to remove two African-American venirepersons from the jury panel. *See Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). He alleges the State's explanations for the strikes were pretextual in nature. We have reviewed the record and find that defendant's *Batson* challenge is without merit. No jurisprudential purpose would be served by a written opin-

ion. Defendant's fourth point is denied pursuant to Rule 30.25(b).

The judgment is affirmed.

AHRENS, C.J., and RHODES RUSSELL, J., concur.