STATE of Missouri, Respondent,

v.

**Burl Francis TRIMMER,**
**Defendant/Appellant.**

No. 61202.

Missouri Court of Appeals,
Eastern District,
Division One.

March 23, 1993.

---

Brad B. Baker, Columbia, for defendant/appellant.

Jeremiah (Jay) Nixon, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Presiding Judge.

In this jury-tried case, defendant, Burl Trimmer, appeals from his conviction of second-degree assault in violation of § 565.-060.1(3) RSMo 1986. Defendant was sentenced as a prior and persistent offender to seven years' imprisonment, to run consecutively to a sentence previously imposed in the state of Kansas. We affirm.

The evidence adduced at trial established the following facts. At approximately 10:30 p.m. on July 20, 1991, Darrell Tallevast, Jason Shaffer, and Tim Jordan met defendant at a pool hall in Perryville, Missouri. The group purchased a case of beer, stopped to drink, and returned to defendant's apartment at approximately 12:30 a.m. Defendant's girlfriend joined the group at the apartment. Bobby Cooper arrived at approximately 1:00 a.m.

The group continued to drink beer and began drinking Schnapps. At approximately 2:30 a.m., Tallevast removed his shirt and shoes and lay down on a bed to sleep. Cooper suggested the group play a "prank" on Tallevast by pouring rubbing alcohol onto his "crotch" so Tallevast would experience a burning sensation when he awoke. Cooper and defendant approached Tallevast's bed, and Cooper splashed alcohol onto the groin area of Tallevast's jeans. Defendant took the bottle from Cooper and poured the remaining alcohol down Tallevast's waist. Defendant said, "Watch this," and set Tallevast on fire.

Tallevast jumped from the bed with his midsection and legs in flames. He ran around the room screaming and continued outside, where he "patted out" the flames with his hands. Tallevast was on fire for thirty to forty-five seconds.

Jordan and Shaffer helped Tallevast across the street to a friend's house; he was in pain and could barely walk. Tallevast rested at the house for approximately forty-five minutes before his friend took him to the hospital. The burns were treated with cold wraps, and Tallevast was giv-

en salve and medication for pain. After his release from the hospital, Tallevast returned to defendant's apartment to retrieve his shoes. Defendant's girlfriend asked Tallevast about the condition of his legs, and he stated the burns there were not "too bad"; he did not mention the burns on his waist. Tallevast returned home and reported the incident to police shortly after midnight the next day.

At trial, defendant's girlfriend testified defendant was outside at the time Tallevast jumped from the bed in flames. Further, two of Tallevast's schoolmates testified they saw Tallevast walking normally at a picnic approximately two weeks after the incident. One of the schoolmates further testified Tallevast told her his injuries were "no big deal."

In his sole point on appeal, defendant contends the evidence was insufficient to support his conviction of second-degree assault. In reviewing this argument, we view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *State v. Williams*, 784 S.W.2d 309, 311 (Mo.App. 1990) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979)). Further, we accept the state's evidence as true, resolving reasonable inferences in its favor and disregarding contrary evidence and inferences. *Id.*

Defendant was convicted of assault in the second degree for recklessly causing serious physical injury to Tallevast by dousing him with rubbing alcohol and lighting him on fire. § 565.060.1(3) RSMo 1986.[1] "Serious physical injury" is "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body." § 556.-

061(28) RSMo (Supp.1990). "Physical injury" means "physical pain, illness, or any impairment of physical condition." § 556.-061(20) RSMo (Supp.1990).[2]

Defendant argues the state failed to present sufficient evidence that Tallevast suffered a "serious physical injury" as that term is defined in § 556.061(28) RSMo (Supp.1990). The state contends there was sufficient evidence that Tallevast suffered "serious disfigurement" and a "protracted impairment of the function" of the area affected by the burns. We agree.

The evidence reveals Tallevast sustained burns from his waist to his upper thighs. He was "laid up" for at least a month and "homebound" for approximately two weeks. Tallevast testified the burns were "very painful" and he was unable to sleep for a month after the incident. He took cold showers several times a day for at least a month in order to alleviate the burning in the affected areas. At the time of trial approximately four months after the incident, the burned areas still itched. There was visible scarring on Tallevast's waist area and some discoloration on his legs; neither condition had improved in the thirty days before trial, although Tallevast expected the leg discoloration to fade completely.

Defendant reminds us the state presented no expert medical testimony and cites Tallevast's testimony that at the time of trial, he was not disabled and had suffered no permanent loss of the use of any part or function of his body. However, "[t]he mere fact that a victim of an assault recovers without residual damage does not render proof of serious physical injury insufficient." *State v. Johnson*, 770 S.W.2d 263, 266 (Mo.App.1989). Further, a victim can testify with respect to the extent of his or her injuries to prove the elements of the

---

1. Defendant was charged with first-degree assault, which a person commits "if he [or she] attempts to kill or knowingly causes or attempts to cause serious physical injury to another person." § 565.050.1 RSMo 1986. Second- and third-degree assaults were submitted to the jury as lesser-included offenses. A person commits second-degree assault if he or she "recklessly causes serious physical injury to another per-

son," § 565.060.1(3) RSMo 1986, and commits third-degree assault if he or she "attempts to cause or recklessly causes physical injury to another person." § 565.070.1(1) RSMo 1986.

2. The instructions submitted to the jury included the statutory definition of "serious physical injury."

state's case. *State v. Carlson*, 792 S.W.2d 434, 436 (Mo.App.1990). We find sufficient evidence that Tallevast suffered a "serious physical injury" as defined in § 556.061(28) RSMo (Supp.1990).

First, the evidence supported a finding that Tallevast suffered a "protracted" impairment of the function of the area affected by the burns. "Protracted" means something short of permanent but more than of short duration, and what is considered protracted depends upon the circumstances of the case. *State v. Briggs*, 740 S.W.2d 399, 401 (Mo.App.1987). Here, Tallevast suffered pain and loss of sleep for at least one month and continued to suffer itching at the time of trial nearly four months after the assault. We find sufficient evidence the impairment was of more than short duration. *See id.* (suffering from cracked rib for twenty working days sufficient to constitute a protracted impairment); *State v. Mentola*, 691 S.W.2d 420, 422 (Mo.App.1985) (six weeks' impairment of the jaw sufficient for the jury to find serious physical injury).

Further, we find sufficient evidence that Tallevast suffered a "serious disfigurement" from the burns inflicted by defendant. The evidence revealed Tallevast suffered scarring on his waist and some discoloration on his legs. Although he expected the discoloration to fade, neither it nor the scarring on his waist had improved in the thirty days before trial, held approximately four months after the burning. At trial, Tallevast showed his scarred waist to the jury, and the state admitted a photograph showing the condition of Tallevast's waist within twenty-four hours of the incident.[3] Under the circumstances of this case, we find sufficient evidence Tallevast suffered a "serious disfigurement" within the meaning of § 556.061(28) RSMo (Supp.1990). *See Williams*, 784 S.W.2d at 311 (three-inch laceration to the neck described in the hospital record as "superficial" sufficient to constitute serious disfigurement); *State v. Pettis*, 748 S.W.2d 793, 794 (Mo.App. 1988) (permanent scar to the arm, four inches by one-sixteenth of an inch, constitutes serious disfigurement).

Defendant cites numerous appellate cases in which the courts have found sufficient evidence of serious physical injury, and argues the scope of the injuries in those cases exceeded anything presented by the state in this case. Those decisions are not dispositive or controlling. On the particular facts of this case, and viewing the evidence in the light most favorable to the prosecution, we find a rational trier of fact could have concluded the victim suffered a serious physical injury. Point denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.

---

**3.** We have reviewed the photograph, submitted as an exhibit in the record on appeal.