INSURANCE COMPANY OF NORTH AMERICA, Plaintiff/Appellant,

v.

ZIP MAIL SERVICES,
Defendant/Respondent.

No. 69118.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 17, 1996.

William Fortenbury, St. Louis, for Plaintiff/Appellant.

Blumenfeld, Kaplan & Sandweiss, P.C., Alan G. Gerson, St. Louis, for Defendant/Respondent.

Before AHRENS, C.J., and CRANDALL and BLACKMAR, JJ.

### ORDER

PER CURIAM.

Insurance Company of North America appeals from a judgment entered in accordance with a jury verdict in favor of its policyholder, Zip Mail Services, Inc. as to the amount of workers' compensation insurance premiums owed. The evidence in support of a jury verdict is not insufficient; and no error of law appears. A written opinion would have no precedential value.

The judgment of the trial court is affirmed. Rule 84.16(b).

STATE of Missouri, Respondent,

v.

Timothy William O'HARA, Appellant.

Timothy William O'HARA,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 66362, 69046.

Missouri Court of Appeals,
Eastern District.
Division Three.

Sept. 17, 1996.

Robert E. Steele, Jr., Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General and David R. Truman, Assistant Attorney General, Jefferson City, for respondent.

Before CRAHAN, P.J., and GRIMM and HOFF, JJ.

### ORDER

PER CURIAM.

Defendant, Timothy William O'Hara, appeals the judgment entered upon his convictions by a jury of involuntary manslaughter, § 565.024 RSMo 1986, and armed criminal action, § 571.015 RSMo 1986. Defendant was sentenced to seven years for involuntary manslaughter consecutive to life imprisonment for armed criminal action.

The judgment is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. An extended opinion reciting the detailed facts and restating the principles of law would have no precedential or jurisprudential value. Judgment affirmed in accordance with Rule 30.25(b).

Defendant also appeals the denial of his Rule 29.15 motion after an evidentiary hearing. However, defendant fails to raise any points on appeal relating to the denial of his Rule 29.15 motion. Where a defendant appeals the denial of a Rule 29.15 motion, but fails to raise any points related to the denial of that motion in the brief on appeal, the point is considered abandoned. *State v. Link,* 916 S.W.2d 385, 386 n. 1 (Mo.App. 1996); *State v. Nelson,* 818 S.W.2d 285, 287 (Mo.App.1991).