**STATE of Missouri, Plaintiff–Respondent,**

v.

**Detravis ROSS, Respondent–Appellant.**

**Detravis ROSS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

Nos. 20232, 20872.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 23, 1997.

Gary E. Brotherton, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Joanne E. Joiner, Assistant Attorney General, Jefferson City, for respondent.

PER CURIAM.

Following a jury trial, Detravis Ross (Defendant) was convicted on two counts of the class A felony of first degree assault,

§ 565.050.2,[1] and two counts of the class A felony armed criminal action,[2] § 571.015. He was found by the trial court to be a prior offender, §§ 558.016 and 557.036.4, and sentenced to thirty years on each count, to run concurrently.

■ In determining the sufficiency of the evidence to support a conviction, the evidence together with all reasonable inferences is viewed favorably to the verdict and evidence or inferences contrary to the verdict are ignored. *State v. Baker*, 859 S.W.2d 805, 811 (Mo.App.1993). The evidence shows that on November 6, 1994, Armand Hodges and Stacy Wright were injured in a drive-by shooting incident in Malden, Missouri. Fifteen to twenty individuals were standing near the intersection of Francis and North Edwards streets when a vehicle approached from the east. The vehicle stopped approximately one-half block from North Edwards. The headlights were turned off and the parking lights came on. At least four shots were then fired from the passenger side of the vehicle. A witness identified Defendant as the driver of the vehicle during the shooting. When the car was later stopped at 11:30 p.m., approximately 45 minutes after the incident, Defendant was identified as a passenger in the vehicle.

Mr. Hodges testified that he felt something hit his right leg, whereupon, he and Mr. Wright jumped into a friend's car and Mr. Wright was taken to his home. Mr. Hodges was then driven to the ambulance center about twenty minutes after the shooting. His leg was cleaned and wrapped and he was released. After going to the police station to give a statement, he went to the hospital in Kennett, Missouri, as his leg had again started to bleed. His leg was cleaned again and he was released that night. He was given antibiotics to prevent infection, returned twice to the doctor's office for follow-up visits and was on crutches for approximately one week. Additionally, he still has a scar from the injury.

According to the testimony of the individual that drove Mr. Wright to his home, Mr. Wright had stated that his foot felt numb and that there was blood coming out of his shoe. Mr. Wright testified that he did not realize he had been shot in the foot until after he arrived home. His mother then drove him to a hospital in Poplar Bluff, Missouri, where he received a tetanus shot and some medicine. He returned to the doctor three times for follow-up visits. Mr. Wright was also on crutches for about one week and within a month he resumed his normal activities. As of the time of trial, the bullet remained in his foot and required surgery for its removal.[3]

In his direct appeal, Case No. 20232, Defendant contends that the State did not present sufficient evidence from which a trier of fact could have found beyond a reasonable doubt that either Armand Hodges or Stacy Wright suffered "serious physical injury," as that term is defined by § 565.002(6). Defendant alleges that the trial court erred in overruling his motion for judgment of acquittal. He argues that there was insufficient evidence to support his conviction of two counts of class A felony of assault in the first degree and two counts of class A felony of armed criminal action. Defendant also appeals from the denial of his Rule 29.15 motion, after an evidentiary hearing in Case No. 20872. The appeals were consolidated herein.

### Case No. 20232—Direct Appeal

Defendant was originally charged with two counts of first degree assault and two counts of armed criminal action. The crime of first degree assault is categorized as either a class B felony or a class A felony. *See* § 565.050 *infra*. To elevate the assault charges to a class A felony the State was required to prove that the victims actually suffered "serious physical injury." § 565.050.2; *Baker*, 859 S.W.2d at 811. Defendant asserts the State failed to present sufficient evidence that the victims suffered "serious physical injury" and

---

1. All statutory references are to RSMo 1994.

2. Co-defendant Keith Parker was also tried at the same time.

3. Mr. Wright testified that he received a "free victim's paper to take [the bullet] out for free" but as of trial he had not undergone this procedure.

therefore, the assault conviction should remain a class B felony and not be elevated to a class A felony.

■ This Court's review is limited to a determination of whether there is enough evidence from which a reasonable juror could find the defendant guilty beyond a reasonable doubt. *State v. Ross*, 923 S.W.2d 354, 357 (Mo.App.1996).

Section 565.050 states:

1. A person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person.

2. Assault in the first degree is a class B felony unless in the course thereof the actor inflicts serious physical injury on the victim in which case it is a class A felony.

Section 565.002(6) defines the term "serious physical injury." An examination of the plain and unambiguous language in this section reveals there are four potential findings sufficient to satisfy the statutory definition of "serious physical injury":

(1) physical injury that creates a substantial risk of death; *or*

(2) physical injury that causes serious disfigurement; *or*

(3) physical injury that causes protracted loss of the function of any part of the body; *or*

(4) physical injury that causes protracted impairment of the function of any part of the body.

*Baker*, 859 S.W.2d at 812. The State maintains that the evidence supported a finding that the physical injuries to Mr. Hodges and Mr. Wright caused a protracted impairment of the function of a part of the body.

■ "Physical injury" is defined as "physical pain, illness, or any impairment of physical condition." § 556.061(20); *Baker*, 859 S.W.2d at 812. "Protracted" means something short of permanent but more than of short duration. *State v. Trimmer*, 849 S.W.2d 725, 728 (Mo.App.1993). Furthermore, "impairment" is defined as " 'damage, injury or deterioration.' " *Baker*, 859 S.W.2d

at 812 (quoting WEBSTER'S NEW TWENTIETH CENTURY DICTIONARY (2D ED.1983)).

■ There is no minimum degree of trauma that must be inflicted to satisfy the portion of the statutory definition dealing with protracted loss or impairment. *In Interest of N.A.G.*, 903 S.W.2d 664, 667 (Mo. App.1995). Rather, the "protracted impairment" portion of the definition of "serious physical injury" is concerned with the temporal aspect of the injury. *State v. Briggs*, 740 S.W.2d 399, 401 (Mo.App.1987). The fact that a person recovers from an injury without residual damage does not eliminate the possibility that the person suffered "serious physical injury." *Trimmer*, 849 S.W.2d at 727. Whether an injury constitutes protracted impairment depends on the circumstances of each case. *N.A.G.*, 903 S.W.2d at 668; *Trimmer*, 849 S.W.2d at 728.

Appellant relies on *State v. Nguyen*, 880 S.W.2d 627 (Mo.App.1994), in support of the argument that there was insufficient evidence of "serious physical injury." However, the issue in *Nguyen* was whether there was physical injury that created a substantial risk of death and not whether there was injury that caused a protracted impairment of the function of a part of the body. In *Nguyen*, the only supporting factual basis was the observation of a lay witness that the victim was taken to the hospital "in critical." The court stated this was insufficient to find that the injuries created a substantial risk of death.

■ In the case at bar, we conclude that the State presented sufficient evidence from which a trier of fact could have found beyond a reasonable doubt that both Mr. Hodges and Mr. Wright suffered "serious physical injury."

The evidence demonstrated that both Mr. Hodges and Mr. Wright could not walk without the aid of crutches for approximately a one week period and required several follow-up doctor visits. Additionally, Mr. Wright testified that it was a month before he resumed his normal activities. The leg and foot serve an ambulatory function and being unable to walk without the aid of crutches, most assuredly demonstrates an impairment

of that function. Seven days without the use of a leg or foot is sufficient to constitute protracted impairment. *See State v. Mentola*, 691 S.W.2d 420, 422 (Mo.App.1985)(citing *People v. Obertance*, 105 Misc.2d 558, 432 N.Y.S.2d 475, 476–77 (1980)(finding eight days to be a "protracted period")).

In addition to the time on crutches, Mr. Hodges carries a scar[4] from the incident and the bullet remains lodged in Mr. Wright's foot. It is reasonable to assume that at such time as Mr. Wright undergoes surgery to have the bullet removed, he will once again lose the use of his foot for a protracted period of time.

The convictions and sentences on both counts of the class A felony of first degree assault are affirmed.

### Case No. 20872—Postconviction Relief

Detravis Ross (Movant) appeals from the denial of his Rule 29.15 motion after an evidentiary hearing. He asserts that the motion court erred in finding that trial counsel was not ineffective for failing to call Craig Perkins[5] as a witness. According to Movant, Craig Perkins would have testified that the guns seized from the vehicle were his and had been retrieved from his house by Keith Parker subsequent to the time of the shooting.

An evidentiary hearing was held on February 2, 1996. The hearing was held simultaneously with the hearings of Carlos Williams and Keith Parker, the other two individuals involved in the incident. The postconviction cases, however, were not consolidated and separate findings of fact and conclusions of law were issued as to Carlos Williams and Keith Parker.

■ Appellate review of an order overruling a Rule 29.15 motion is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. *State v. Driver*, 912 S.W.2d 52, 54 (Mo. banc 1995); *State v. Davenport*, 924 S.W.2d 6, 13 (Mo.App.1996). Findings and conclusions are deemed clearly erroneous only if a review of the entire record leaves this Court with a definite and firm impression that a mistake has been made. *Gallimore v. State*, 924 S.W.2d 319, 320 (Mo.App.1996).

■ To prevail on a claim of ineffective assistance of counsel, Movant must show that counsel failed to provide reasonably effective assistance and that Movant was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *State v. Gray*, 887 S.W.2d 369, 380–81 (Mo. banc 1994), *cert. denied* — U.S. ——, 115 S.Ct. 1414, 131 L.Ed.2d 299 (1995). Absent a showing to the contrary, counsel is presumed to have provided effective assistance. *Wilhite v. State*, 845 S.W.2d 592, 594–95 (Mo.App.1992). In order to show prejudice, Movant must show that but for counsel's errors, the result would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Gray*, 887 S.W.2d at 381. Prejudice must be affirmatively proved. *State v. Stepter*, 794 S.W.2d 649, 656 (Mo. banc 1990).

■ To establish that his attorney was ineffective in failing to call a witness to testify, Movant must prove that (1) the failure to call the witness was something other than reasonable trial strategy; (2) the witness could have been located through reasonable investigation and would have testified if called, and (3) the witness' testimony would have provided a viable defense. *State v. Walton*, 899 S.W.2d 915, 922 (Mo.App.1995).

■ As to Movant's claim that counsel was ineffective in failing to secure the presence of Craig Perkins, the motion court stated in its Findings of Fact and Conclusions of Law:

> The Court finds that the trial attorney made a reasonable effort to require Craig

---

4. *See State v. Williams*, 784 S.W.2d 309, 311 (Mo.App.1990)(finding three-inch laceration to the neck sufficient to constitute serious disfigurement); *State v. Pettis*, 748 S.W.2d 793, 794 (Mo.App.1988)(holding that permanent scar to the arm, four inches by one-sixteenth of an inch, constitutes serious disfigurement).

5. Movant refers to this individual in his point relied on as Carl Perkins. However, the record of the evidentiary hearing shows the witness' name as Craig Perkins.

Perkins to appear and testify at the criminal trial. He was not available through no fault of movant's attorney. There was no ineffectiveness on the part of the attorney because he was not available to testify. The Court has read the entire transcript of the joint trial of movant and Keith L. Parker, his co-defendant. Having heard and evaluated the testimony of Craig Perkins at the motion hearing, the Court finds that movant was not prejudiced by the failure of Craig Perkins to appear and testify.

■ The testimony of Keith Parker's attorney indicated that she made several attempts to contact Mr. Perkins and was unable to reach him. In addition, she requested the sheriff's department to serve a subpoena on Mr. Perkins to appear at trial. Movant's attorney also attempted to locate Mr. Perkins but was unsuccessful. She stated she was aware that Parker's attorney had attempted to subpoena him and was unsuccessful. Furthermore, Mr. Perkins had been subpoenaed to appear as a witness in the trial of Carlos Williams, the third accomplice involved in the incident. Mr. Williams' trial was held a couple of weeks prior to Movant's criminal trial. In that trial, Craig Perkins failed to appear. Because of this failure to appear, it is apparent that the hearing court did not believe Craig Perkins' testimony at the post-conviction relief hearing, when he stated he was willing to testify for Detravis Ross at his criminal trial. This Court gives deference to the motion court's determination of the credibility of witnesses. *See State v. Bailey,* 839 S.W.2d 657, 662 (Mo.App.1992).

Movant has failed to establish that Craig Perkins could have been located through reasonable investigation and effort and that he would have testified if called. Therefore, Movant has not established that his attorney failed to provide him reasonably effective assistance.

The judgment of the motion court in Case No. 20872 is affirmed.