STATE of Missouri, Plaintiff–
Respondent,

v.

Carlos O. WILLIAMS, Defendant–
Appellant.

And

Carlos O. WILLIAMS, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 20226, 20818.

Missouri Court of Appeals,
Southern District,
Division Two.

March 4, 1997.

William L. Gavras, St. Louis, for appellant.

1. References to statutes are to RSMo 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

Carlos O. Williams (defendant) was charged and convicted, following a jury trial, of two counts (Counts I and III) of assault in the first degree with serious physical injury, § 565.050,[1] and two counts (Counts II and IV) of armed criminal action, § 571.015. He thereafter filed a motion for post-conviction relief as permitted by Rule 29.15 that was denied after an evidentiary hearing.

Defendant appeals both his judgment of conviction (No. 20226) and the order denying his Rule 29.15 motion (No. 20818). The appeals were consolidated pursuant to Rule 29.15(*l*) as it existed on the date defendant's motion was filed. The judgment of conviction is affirmed. The appeal of the order denying the Rule 29.15 motion is dismissed.

Defendant's sole point on appeal contends the evidence with respect to Counts I and III in his criminal case was not sufficient to prove either of the two persons injured in the shooting suffered serious physical injury as required for the offense of assault in the first degree.

This court reviews the evidence in the light most favorable to the verdicts. *State v. Weems,* 840 S.W.2d 222, 228 (Mo. banc 1992). Evidence supporting the verdicts is regarded as true and contrary evidence is disregarded. *Id.* If reasonable persons could find defendant guilty on the basis of the evidence so considered, it is sufficient. *Id.*

Between 10:30 and 11:00 p.m. the evening of November 6, 1994, several people, including Armand Hodges and Stacy Wright, were standing near the intersection of Francis and North Edwards in Malden, Missouri. A car turned toward the group. It stopped, its headlights went off, then continued toward the group of people. Someone in the car shouted, then shots were fired. Renea White saw the shooter. It was defendant.

One of the bullets struck Armand Hodges in the right thigh. Another struck Stacy

Wright in the foot. Hodges and Wright sought medical treatment. Hodges leg was cleaned and wrapped. He used crutches in order to walk for five days because of soreness. He obtained medical treatment for his wound on two occasions after the night of the shooting.

Wright was given a tetanus shot and medication. He used crutches for about a week. The bullet was not removed from his foot. He went to the doctor three times following his injury.

 Defendant's only point on appeal is directed to the elements required to prove the offense of first degree assault, a class A felony. Section 565.050 states:

1. A person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person.

2. Assault in the first degree is a class B felony unless in the course thereof the actor inflicts serious physical injury on the victim in which case it is a class A felony.

Defendant argues that neither Hodges nor Wright suffered serious physical injuries. He contends the state, therefore, did not produce sufficient evidence for him to be found guilty of the two offenses of assault in the first degree; that the trial court erred in denying his motion for judgment of acquittal and in sentencing him on two counts of assault in the first degree.

This same issue was raised with respect to the same injuries in *State v. Ross,* 939 S.W.2d 15 (Mo.App.S.D.1997). The defendant in *Ross* was the driver of the car from which the shots that struck Hodges and Wright were fired. The evidence in *Ross* was the same as in this case with respect to the injuries in question. This court concluded "that the State presented sufficient evidence from which a trier of fact could have found beyond a reasonable doubt that both Mr. Hodges and Mr. Wright suffered 'serious physical injury.'" *Id.* at 18.

The rationale in *Ross* is equally apropos to this case. It is not necessary to recite it again. Defendant's point is denied.

 Although defendant filed a notice of appeal in his Rule 29.15 case, he presents no point directed to that case in the brief he filed with this court. He, therefore, abandoned that appeal. *State v. O'Hara,* 928 S.W.2d 901, 902 (Mo.App.1996); *State v. Kendus,* 904 S.W.2d 41, 44 (Mo.App.1995).

The judgment of conviction in No. 20226 is affirmed. The appeal in No. 20818 is dismissed.

MONTGOMERY, C.J., and CROW, P.J., concur.