**STATE of Missouri, Respondent,**

v.

**Xavier CAMMON, Appellant.**

**Xavier CAMMON, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 20373, 21560.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 29, 1997.

Irene Karns, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel W. Follett, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

A jury found Appellant guilty of assault of a law enforcement officer in the second degree, § 565.082.1(2),[1] and resisting arrest, § 575.150.1(1), and assessed punishment at imprisonment for ten years and one year, respectively. The trial court entered judgment per the verdicts, running the sentences concurrently. Appellant brings appeal 20373 from that judgment.

While that appeal was pending, Appellant filed a motion to vacate the judgment and sentences per Rule 29.15.[2] The motion court denied relief after an evidentiary hearing. Appellant brings appeal 21560 from that judgment.

We consolidated the appeals, Rule 29.15(*l*), but address them separately in this opinion.

## Appeal 20373

The first of Appellant's two points relied on is the only claim of error in this appeal. It attacks only the assault conviction. The point avers the evidence was insufficient to support that conviction because the evidence failed to prove, beyond a reasonable doubt, that the victim—Officer Hank Trout of the Sikeston Department of Public Safety—sustained "serious physical injury" in the incident from which the charge arose.

In ruling on Appellant's challenge to the sufficiency of the evidence, this court's review is limited to determining whether the evidence was sufficient to persuade any reasonable juror as to each of the elements of

---

1. References to statutes are to RSMo 1994.

2. Rule references are to Missouri Rules of Criminal Procedure (1995). That is because Appellant was sentenced July 27, 1995, and filed his motion for post-conviction relief November 30, 1995. The current (1997) version of Rule

29.15(m) provides that in such circumstances, post-conviction relief is governed by the version of Rule 29.15 in effect when the motion for post-conviction relief was filed or December 31, 1995, whichever is earlier.

the crime, beyond a reasonable doubt. *State v. O'Brien,* 857 S.W.2d 212, 215[4] (Mo. banc 1993). In making that determination, this court considers all of the evidence in the light most favorable to the prosecution. *Id.* at 215–16. Thus, evidence that supports a finding of guilty is taken as true and all logical inferences that support a finding of guilty and that may reasonably be drawn from the evidence are indulged. *Id.* at [5]. Conversely, the evidence and any inferences to be drawn therefrom that do not support a finding of guilty are ignored. *Id.*

So viewed, the evidence established that Officer Trout was injured when a motor vehicle he was driving was struck by a motor vehicle driven by Appellant. The collision occurred while Trout and officers in other vehicles were pursuing Appellant in an effort to arrest him on a "felony warrant." Trout drove his vehicle into an intersection, intending to intercept Appellant. Trout testified, "I told [another officer in my vehicle] that we would try to get down close to that intersection, maybe if [Appellant] seen another car in front of him he would stop." Upon reaching the intersection, said Trout: "I looked to my left and seen the car coming at a high speed. I just turned the wheel to the right, and the next thing I remember is waking up at the hospital."

In defining assault of a law enforcement officer in the second degree, § 565.082 reads, in pertinent part:

"1. A person commits the crime of assault of a law enforcement officer in the second degree if he:

. . .

(2) Recklessly causes serious physical injury to a law enforcement officer; or
. . . . "

Section 565.002 reads, in pertinent part: "As used in this chapter, unless a different meaning is otherwise plainly required:

. . .

(6) 'Serious physical injury' means physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body;

" . . . . "

Appellant concedes Trout was physically injured in the wreck. However, Appellant argues: "A reasonable juror could not have found that Trout sustained serious physical injury."

Trout's testimony revealed he was taken to a hospital by ambulance and remained hospitalized "that night and the next night and the following day." His injuries included scars to an arm, a cut to the left of his left eye which required six or seven stitches, head injuries, bruising on the chest, and an injury to the right wrist. The wrist injury required a plastic cast.

Upon release from the hospital, Trout spent the ensuing five or six days on "bed rest." Pursuant to his doctor's advice, Trout remained off work approximately a month. Trout explained, "I was actually down most of the time for [the wrist] injury." His testimony continued:

"Q After the month was up and you went back to work, did you still have any difficulties with regard to the injury?

A No, once I went back to work, I was fine."

Appellant asserts, and Respondent tacitly concedes, that there was no evidence that Trout's injuries created a substantial risk of death or caused serious disfigurement. Consequently, the assault conviction hinges on whether the evidence was sufficient to support a finding that Trout's injuries caused protracted loss or impairment of the function of any part of the body.

■ Recovery from injuries without residual damage does not bar a finding that the victim suffered serious physical injury. *State v. Ross,* 939 S.W.2d 15, 18[6] (Mo.App. S.D. 1997); *State v. Trimmer,* 849 S.W.2d 725, 727[3] (Mo.App. E.D.1993). Whether an injury causes protracted loss or impairment of the function of a part of the body depends on the circumstances of each case. *Ross,* 939 S.W.2d at 18[7]; *In Interest of N.A.G.,* 903 S.W.2d 664, 668 (Mo.App. W.D.1995). Protracted means something short of permanent but more than of short duration. *Ross,* 939

S.W.2d at 18[3]; *Trimmer*, 849 S.W.2d at 728[5].

Appellant insists that the evidence in the instant case, measured by the above authorities, did not show there was any loss or impairment of the function of any part of Trout's body.

Respondent maintains a reasonable juror could have concluded that Trout suffered a protracted impairment of the function of his right wrist. Respondent underscores Trout's testimony that the month of work he missed was primarily because of the wrist injury and the cast it required. According to Respondent, "Being forced to wear a cast on his wrist ... for a month obviously lessens the function of the wrist and thus was an impairment."

In *Ross*, one victim was shot in the leg. 939 S.W.2d at 17. He was treated and released at a hospital. *Id.* He was unable to walk without crutches for approximately a week. *Id.* at 17–18. It was a month before he resumed normal activities. *Id.* at 18. The other victim in *Ross* was shot in the foot. *Id.* at 17. He was treated and released at a hospital. *Id.* He used crutches about a week and resumed normal activities within a month. *Id.* This court held:

"The leg and foot serve an ambulatory function and being unable to walk without the aid of crutches, most assuredly demonstrates an impairment of that function. Seven days without the use of a leg or foot is sufficient to constitute protracted impairment."

*Id.* at 18–19[8].

In *N.A.G.*, the victim, a pedestrian, was struck by a motor vehicle. 903 S.W.2d at 666. He was treated and released at a hospital. *Id.* He was on crutches four days. *Id.* Two months after the incident his right knee sometimes caused a lot of pain and sometimes would not support his weight. *Id.* The Western District of this Court held the evidence sufficient to support a finding of protracted impairment of the knee. *Id.* at 668.

Here, Trout was hospitalized two nights, was confined to bed five or six additional days, and was off work approximately a month, primarily because of the wrist injury

and the cast it required. That evidence is comparable to the evidence in *Ross* and *N.A.G.* Consistent with those cases, we hold the jurors could have reasonably found Trout's injuries caused a protracted impairment of the function of his right wrist.

Appellant's first point is denied; the judgment is affirmed.

## Appeal 21560

■ Appellant's second point pertains to this appeal. The point avers the motion court erred in denying Appellant post-conviction relief in that the lawyer who represented Appellant at trial ("Defense Counsel") rendered ineffective assistance. Specifically, says Appellant, Defense Counsel was derelict in failing to object to a portion of the prosecutor's argument in rebuttal to the argument of Defense Counsel.

Defense Counsel, during final argument, told the jurors:

"[Trout] was going twice as fast as [Appellant]. He was endangering lives. He was a public safety officer.... Why was he barreling down the road ... ? That's just ridiculous.

... the State has failed in their burden of proof today, and if you convict [Appellant], not only are you allowing the State to fail their burden of proof, but you are condoning a ridiculous and dangerous behavior that our police officers seem to want to engage in on a regular basis."

In rebuttal, the prosecutor argued:

" ... Tell people to go on to Sikeston, you got a felony warrant, we will just let you go, we will let you run in somebody's house and hide until they find us. Get a search warrant, maybe if I am still there, run on back to some other state, not charge them, not convict them of crimes like assaulting police officers. Are we going to tell them to come on in here and commit your crimes and go? Are we going to put our police officers out as voluntary road blocks to be slammed into?

. . . .

Please don't send a message to those folks out there that it's okay to run off in

Sikeston, and if you hit a cop and hurt him and put him in the hospital for three days, take him off work for a month, that's okay, because nothing is going to happen to you in Scott County. Please don't send that message to those folks out there. Folks, we don't need those people here."

Defense Counsel registered no objection to the prosecutor's comments.

The motion court rejected Appellant's claim that Defense Counsel rendered ineffective assistance in failing to object. Relying on *State v. Jeffries,* 858 S.W.2d 821, 825[12] (Mo.App. E.D.1993), the motion court held a prosecutor may properly argue the prevalence of crime in the community, the personal safety of its inhabitants, the jury's duty to uphold the law, and inferences from its failure to convict. The motion court also noted the holding in *State v. Cobb,* 875 S.W.2d 533, 537[7] (Mo. banc 1994), *cert. denied,* 513 U.S. 896, 115 S.Ct. 250, 130 L.Ed.2d 172 (1994), that a prosecutor may legitimately argue that the jury should "send a message" that criminal conduct will not be tolerated or should be severely punished. Finding the prosecutor's argument permissible under those authorities, the motion court ruled Defense Counsel could not be held ineffective for failing to make a non-meritorious objection.

■ Appellate review of a motion court's denial of post-conviction relief is limited to a determination of whether that court's findings and conclusions are clearly erroneous. Rule 29.15(j); *Sidebottom v. State,* 781 S.W.2d 791, 794–95 (Mo. banc 1989), *cert. denied,* 497 U.S. 1032, 110 S.Ct. 3295, 111 L.Ed.2d 804 (1990). Findings and conclusions are deemed clearly erroneous only if a full review of the record leaves the appellate court with the definite and firm impression that a mistake has been made. *Id.,* 781 S.W.2d at 795.

Appellant's second point declares the motion court clearly erred in denying the ineffective assistance claim in that: "A reasonably competent attorney would have objected to the prosecutor's improper argument, and had counsel objected, there is a reasonable probability that the outcome of the trial would have been different."

■ The case on which Appellant relies to support his premise that the prosecutor's argument was improper is *United States v. Johnson,* 968 F.2d 768 (8th Cir.1992). While meriting respect, decisions of the United States Court of Appeals for the Eighth Circuit are not generally binding on Missouri state courts. *Futrell v. State,* 667 S.W.2d 404, 407[3] (Mo. banc 1984).

As correctly noted by the motion court, the Supreme Court of Missouri has held an argument such as the one by the prosecutor in the instant case is proper. *Cobb,* 875 S.W.2d at 537[7]. *See also: State v. Olds,* 603 S.W.2d 501, 511[14] (Mo. banc 1980), *cert. denied,* 500 U.S. 908, 111 S.Ct. 1692, 114 L.Ed.2d 86 (1991). We are constitutionally bound to follow controlling decisions of the Supreme Court of Missouri. Mo. Const., Art. V, § 2 (1945); *State v. Tuter,* 920 S.W.2d 111, 112[1] (Mo.App. S.D.1996).

Under the controlling precedent binding on us, we hold the motion court ruled correctly in holding the prosecutor's argument was permissible. As rightly noted by the motion court, Defense Counsel cannot be held ineffective for failing to make a meritless objection. *State v. Kreutzer,* 928 S.W.2d 854, 869[24] (Mo. banc 1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 752, 136 L.Ed.2d 689 (1997).

Furthermore, the prosecutor's argument was in retaliation to Defense Counsel's own "send a message" argument. As Defense Counsel's argument demonstrates, counsel endeavored to convince the jurors that if they convicted Appellant, they would be condoning "dangerous behavior" by law enforcement officers who endanger lives by "barreling down the road" in high speed automobile pursuits of suspected felons. That argument urged the jurors to acquit Appellant for reasons wholly irrelevant to his own guilt or innocence. That is the same strategy—in reverse—as the prosecutorial tactic condemned in *Johnson,* i.e., urging jurors to convict an accused for reasons wholly irrelevant to his own guilt or innocence. 968 F.2d at 771.

Here, in response to the message urged by Defense Counsel, the prosecutor appealed to

the jury to send the opposite message, i.e., that a fugitive will not be permitted to avoid arrest on a felony warrant by fleeing in a motor vehicle at high speed.

An accused may not provoke a reply to his own argument and then assert error. *Kreutzer,* 928 S.W.2d at 875[41]. The motion court did not err in denying Appellant's claim of ineffective assistance of counsel.

Judgment affirmed.

GARRISON, P.J., and PREWITT, J., concur.