STATE of Missouri, Plaintiff–Respondent

v.

Joseph E. OLIVER, Defendant–Appellant

No. SD 29290.

Missouri Court of Appeals, Southern District. Division Two.

June 30, 2009.

Donald R. Cooley, Springfield, Drey A. Cooley, St. Louis, for Appellant.

Chris Koster, Atty. Gen., John M. Reeves, Asst. Atty. Gen., Jefferson City, for Respondent.

JOHN E. PARRISH, Judge.

Joseph E. Oliver (defendant) was convicted of assault in the second degree, § 565.060.[1] Defendant was charged as, found to be, and sentenced as a persistent offender. *See* § 558.016.3. Defendant was tried by the court, having waived trial by jury. This court affirms.

On review of criminal matters tried by the court without a jury, the standard of review is the same as in cases tried by a jury. *State v. Pollard,* 941 S.W.2d 831, 833 (Mo.App.1997). We accept as true all evidence tending to prove guilt together with all reasonable inferences that support the finding, and all contrary evidence and inferences are ignored. *Id.* We determine whether there was sufficient evidence from which a trier of fact could have found the defendant guilty beyond a reasonable doubt. *State v. Phillips,* 940 S.W.2d 512, 520 (Mo.banc 1997). Moreover, this Court

---

1. References to statutes are to RSMo Supp. 2006, unless stated otherwise.

does not weigh the evidence or determine the reliability or credibility of witnesses. *State v. Frappier*, 941 S.W.2d 859, 861 (Mo.App.1997).

*State v. McCarty*, 956 S.W.2d 365, 367–68 (Mo.App.1997).

On August 27, 2006, Donald Gary Brown and Melinda Fall Klotz were traveling in Taney County en route to Reeds Spring, Missouri. They were traveling east on Highway 160 when they met defendant traveling in the opposite direction. Brown wanted to talk to defendant. He turned his vehicle around and followed in the direction defendant was traveling. Brown pulled his vehicle over and flashed his lights at defendant. Defendant stopped his vehicle. They were about a half mile from the intersection of Highways 160 and 65. Brown was asked the following questions about what occurred and gave the following answers.

Q. So you met up with [defendant] at this location. Tell me what happened when you got there? [sic]

A. Well, pretty much I—I just stepped out of the truck, and he attacked me.

Q. Okay. Tell me how he attacked you.

A. Well, I just opened the door, and then he—he started wailing on me, and hit me to the ground, and then picked me up once and body slammed me and—

Q. Okay. How did he wail on you? What did he use?

A. Uh, body slamming, and then he knocked me down first. I—I didn't really see when he come at me or how—how he hit me. But—but I turned, and then he kicked me as I—I went down with his—

Q. When he assaulted you, did he use his fist or did he use his feet?

A. Well, I suppose both. I never—I never—you know, he—he hit me with his fist first and then—then kicked me with his feet.

Q. Okay. When did he kick you?

A. That was after I—I went down.

Q. Did these kicks hurt?

A. It broke some ribs and jarred my kidney loose.

Brown told the court he tried to get up; that he was taken to his cousin's house and later was taken to a hospital by his sister. Brown was asked what kind of injuries he had received. He answered, "Broken ribs and jarred my kidneys loose and a bunch of abrasions." He said he was "laid up" for "[a]bout three weeks." He said he "[p]assed blood" when urinating for "a few days." He was asked how many ribs he thought were broken. He answered, "It was three or four. It was some cracked and some broke."

Defendant asserts one point on appeal. He contends that "[t]he court erred in finding defendant guilty of assault in the second degree because there was not sufficient admissible evidence for a reasonable trier of fact to find defendant guilty of causing serious physical injury to Donald Gary Brown."

Section 565.060, states, as applicable here:

1. A person commits the crime of assault in the second degree if he:

. . .

(3) Recklessly causes serious physical injury to another person; . . . .

Serious physical injury is defined in chapter 565 as "physical injury that creates a substantial risk of death or that causes serious disfigurement *or protracted loss or impairment of the function of any part of the body*; . . . ." § 565.002(6), RSMo 2000 (emphasis added).

The issue of what constitutes serious physical injury was addressed in *State v. Ross*, 939 S.W.2d 15 (Mo.App. 1997). *Ross* explains:

> "Physical injury" is defined as "physical pain, illness, or any impairment of physical condition." § 556.061(20)[2]; *[State v. Baker,]* 859 S.W.2d [805] at 812 [(Mo.App.1993)]. "Protracted" means something short of permanent but more than of short duration. *State v. Trimmer*, 849 S.W.2d 725, 728 (Mo.App.1993). Furthermore, "impairment" is defined as " 'damage, injury or deterioration.' " *Baker*, 859 S.W.2d at 812 (quoting WEBSTER'S NEW TWENTIETH CENTURY DICTIONARY (2D ED.1983)).
>
> There is no minimum degree of trauma that must be inflicted to satisfy the portion of the statutory definition dealing with protracted loss or impairment. *In Interest of N.A.G.*, 903 S.W.2d 664, 667 (Mo.App.1995). Rather, the protracted impairment" portion of the definition of "serious physical injury" is concerned with the temporal aspect of the injury. *State v. Briggs*, 740 S.W.2d 399, 401 (Mo.App.1987). The fact that a person recovers from an injury without residual damage does not eliminate the possibility that the person suffered "serious physical injury." *Trimmer*, 849 S.W.2d at 727. Whether an injury constitutes protracted impairment depends on the circumstances of each case. *N.A.G.*, 903 S.W.2d at 668; *Trimmer*, 849 S.W.2d at 728.

*Id.* at 18.

The evidence that was before the trial court, without objection, was that as a result of the assault by defendant, Brown was "laid up" for three weeks; that he urinated blood for a period of time after the injury. Brown's condition at the hospital where he was taken was described by Detective Rick Hill. Detective Hill was asked how Brown was acting when Detective Hill observed him at the hospital. Detective Hill acknowledged that he was no medical expert, but stated the observation that Brown was having trouble breathing. The detective explained, "He was having difficulty breathing, holding his side. Uh, he was sitting in a wheelchair, as you can see in the photographs. Uh, but seemed to be in some pain."

The evidence demonstrated that the victim, Mr. Brown, suffered bodily impairments; that this was protracted in that it persisted and that he was "laid up" for about three weeks. *Compare State v. Briggs, supra*, at 401. ("[T]he victim suffered a cracked rib and, as a result, he was away from his job for 20 working days and he experienced considerable pain.") *Briggs* held that a submissible case was made on the issue of whether the victim suffered a serious physical injury.

There was sufficient evidence for the trial court to have found beyond a reasonable doubt that defendant recklessly caused serious physical injury to Donald Gary Brown. Defendant's point on appeal is denied. The judgment is affirmed.

BURRELL, P.J., and RAHMEYER, J., concur.

---

**2.** The references to statutes in *Ross* are to RSMo 1994. § 556.061(20) is unchanged in the present revision of the statutes.