

# Missouri Court of Appeals

### Southern District

#### Division Two

STATE OF MISSOURI,                                )
                                                                      )
    Plaintiff-Respondent,              )          No. SD35791
                                                                      )
vs.                                                               )          **Filed:  September 25, 2019**
                                                                      )
DANIEL R. CARPENTER, JR.,           )
                                                                      )
    Defendant-Appellant.                )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

### Honorable Judge David C. Jones

### **AFFIRMED**

Daniel R. Carpenter, Jr. ("Defendant") appeals his conviction, after a bench trial, of assault in the second degree.  He alleges there was insufficient evidence to show Defendant caused serious physical injury to Joshua Hatt ("Victim") because Victim did not suffer a "protracted impairment" of the function of any part of Victim's body. Defendant's argument lacks merit, and we affirm the trial court's judgment.

### **Background and Procedural History**

This Court views the evidence in the light most favorable to the trial court's judgment.  ***State v. Cunningham***, 530 S.W.3d 567, 568 (Mo. App. S.D. 2017).  So viewed, the following facts were proven at trial.

Defendant's vehicle struck Victim's vehicle in a head-on collision in an intentional retaliation for events occurring earlier that involved Victim's perceived

insults to Defendant's mother. The relevant facts of the actual incident are that on August 30, 2016, Victim and Josiah Virtue ("Virtue") rode together to retrieve Victim's brother's truck. After retrieving the truck, Virtue drove his own car and Victim followed behind in the truck. Victim noticed two vehicles approaching from the opposite direction – a black truck and a white car. The black truck and the white car were initially in the correct lane of approaching traffic. Defendant, who was driving the black truck, then "swerved into [Victim's] lane, completely corrected himself in [Victim's] lane, and hit [Victim] head-on." After the vehicles collided, Defendant continued to push Victim's car backwards "a couple feet." Defendant's father, who had been driving the white car, "pulled up and blocked the other lane" so Victim could not either swerve or otherwise avoid the collision. Immediately upon impact, Victim felt pain in his lower back and neck area.

Victim described the actions of Defendant and Defendant's father after the collision: "They both jumped out of their vehicle and [were] heading both directly toward [Victim's] driver's door, and they both looked like they were coming for blood." Victim stated Defendant's father approached Victim and "he swung on me." Victim "swung back," Defendant's father "grappled" him, and they both "went to the ground." The fight stopped when Virtue and Victim's mother pulled Victim and Defendant's father apart.

Victim was taken by ambulance to the hospital. He was treated for whiplash and an L1 lumbar compression fracture. The hospital gave him a back brace, a muscle relaxer, and pain medication. Victim wore the back brace for six to eight weeks. At trial,

photographic evidence was admitted showing Victim wearing a neck brace and covered with "bumps and bangs and bruises."[1]

Victim testified his lower back and neck had not hurt prior to the collision, and he had been in the "best health as I can be for my age." He testified he had never been diagnosed with any back issues, and had not experienced back problems or back pain before the collision. After the collision, however, Victim testified he has "dealt with daily back pain every day since then. I was put into a back brace for eight weeks roughly. And there for a while it was hard to even try to get out of bed." He also sought follow-up care for his injuries.

Defendant was charged with committing the class C felony of assault in the second degree, in violation of § 565.060,[2] for "recklessly caus[ing] serious physical injury to [Victim] by swerving his vehicle into [Victim's] lane of travel and striking [Victim's] vehicle." Defendant waived his right to trial by jury. The court denied Defendant's motions for judgment of acquittal. Defendant was pronounced guilty of second-degree assault and sentenced to seven years in the Department of Corrections. The execution of sentence was suspended and Defendant was placed on probation. This appeal follows.

### Standard of Review

When reviewing the sufficiency of the evidence in a bench-tried case, this Court employs the same standard of review as in a jury-tried case. ***State v. Rousselo***, 386

---

[1] The parties' entered into a "stipulation of fact" regarding the testimony of a physician, Dr. Davies, and it was admitted as an exhibit. The court also admitted some medical records "associated with this case." Neither of these exhibits were deposited with this Court. When trial exhibits are not made part of this Court's record, we infer they would be "favorable to the trial court's denial of [d]efendant's motion for judgment of acquittal and unfavorable to [d]efendant's insufficiency-of-the-evidence argument." ***State v. Osborn***, 318 S.W.3d 703, 713 (Mo. App. S.D. 2010).

[2] All statutory citations are to RSMo. Cum. Supp. (2013), unless otherwise noted. In the 2017 revisions to Missouri's criminal code, § 565.060 was amended and relocated to § 565.052; the definition of "serious physical injury" in § 565.002(6) was similarly relocated to § 556.061(44).

3

S.W.3d 919, 920 (Mo. App. S.D. 2012). This Court's review of the sufficiency of the evidence is "limited to whether the State has introduced adequate evidence from which a reasonable finder of fact could have found each element of the crime beyond a reasonable doubt." ***State v. Lammers***, 479 S.W.3d 624, 632 (Mo. banc 2016); ***State v. Burrell***, 160 S.W.3d 798, 801 (Mo. banc 2005). This Court views the evidence in the light most favorable to the judgment, grants the State all reasonable inferences, and ignores contrary evidence and inferences. ***Lammers***, 479 S.W.3d at 632. In reviewing a claim that there was insufficient evidence to sustain a conviction, an appellate court does not weigh the evidence. ***State v. Claycomb***, 470 S.W.3d 358, 362 (Mo. banc 2015).

## Discussion

Defendant argues in his sole point that the evidence was insufficient to support his conviction because the State failed to prove beyond a reasonable doubt Defendant caused "serious physical injury" to Victim because Victim did not suffer "a protracted impairment of the function of any part of his body." Defendant asserts that if the functioning of Victim's back had been "actually impaired," then Victim would not have been capable of using his back to wrestle with Defendant's father immediately after the collision. Thus, any "supposed impairment would have lasted for a duration too short to be considered 'protracted' under the law."

A person commits the crime of second degree assault if he "[r]ecklessly causes serious physical injury to another person[.]" § 565.060.1(3). "Physical injury" is defined as "physical pain, illness, or any impairment of physical condition[.]" § 556.061(20). The definition of "serious physical injury" in § 565.002(6) can be described as consisting of three categories of injuries: (1) physical injury "that creates a substantial risk of

4

death[;]" (2) physical injury "that causes serious disfigurement[;]" or (3) physical injury that causes "protracted loss or impairment of the function of any part of the body." *State v. Hughes*, 469 S.W.3d 894, 900 (Mo. App. E.D. 2015); *see* § 565.002(6). These three categories "encompass different types of injuries." *Hughes*, 469 S.W.3d at 900.

In this case, Defendant challenges the sufficiency of the evidence to support a conviction under the third category, protracted loss or impairment of the function of any part of the body. The terms "protracted" and "impairment" in the definition of "serious physical injury" are not defined by statute and are therefore given their plain and ordinary meaning. *State v. Lee*, 528 S.W.3d 59, 67 (Mo. App. S.D. 2017). "Protracted" refers to something "short of permanent but more than of short duration." *Id.* (quoting *State v. Lanier*, 985 S.W.2d 377, 379 (Mo. App. E.D. 1999)). The category of "protracted loss or impairment of the function of any part of the body suggests a relatively minor physical injury—there is no minimum degree of trauma—that bothers a victim for a long time." *Hughes*, 469 S.W.3d at 900 (internal quotation omitted). "The fact that a person recovers from injury without residual damage does *not* eliminate the possibility that the person suffered serious physical injury." *Id.* "Whether an injury constitutes protracted impairment depends on the circumstances of each case." *State v. Oliver*, 291 S.W.3d 324, 327 (Mo. App. S.D. 2009); *see State v. Norwood*, 8 S.W.3d 242, 246 (Mo. App. W.D. 1999) ("[W]hether a loss or impairment is considered protracted depends not just on the length of time the effects of the injury last but also on the nature and seriousness of the dysfunction.").

When courts have considered the effects of an assault to determine whether they constitute "protracted" impairment, the time frames found to be sufficient vary depending on the facts of each case. *See, e.g., Lee*, 528 S.W.3d at 68-69 (holding

5

injuries lasting approximately a week were sufficient to show protracted impairment); *Oliver*, 291 S.W.3d at 327 (holding victim "laid up" for three weeks after an assault suffered protracted impairment); *State v. Westerman*, 971 S.W.2d 932, 934 (Mo. App. W.D. 1998) (noting victim who could not work for six weeks due to stab wound and surgery suffered protracted impairment).

Victim testified that prior to the collision, he had not experienced any back problems or back pain. Immediately after the collision, he felt "pain" in his "lower back [and] neck area." He was taken by ambulance to the hospital, where he was diagnosed with whiplash and an L1 lumbar fracture. He received a muscle relaxer and pain medication. He wore a back brace for approximately six to eight weeks and had multiple bruises. He sought follow-up care for his injuries. At trial, approximately a year and a half after the collision, Victim testified he continued to suffer from back pain "every day since then." Thus, the evidence was sufficient for the trier of fact to conclude Victim's back injury was protracted in that it lasted many months. *See State v. Bruce*, 53 S.W.3d 195, 200 (Mo. App. W.D. 2001) (noting victim's injury, which she was still receiving treatment for at time of trial months after the injury was inflicted, constituted protracted impairment).

There was also sufficient evidence that Victim's injury interfered with the functioning of his back by inhibiting his ability to use his back. *See State v. Barraza*, 238 S.W.3d 187, 196 (Mo. App. W.D. 2007) ("Inhibited use of one's [body part] is impairment of the function of one's [body part]."). Victim testified "there for a while it was hard to even try to get out of bed" demonstrating his back injury did not allow him to function during normal daily activities. *See State v. Baker*, 859 S.W.2d 805, 813 (Mo. App. E.D. 1993) (finding victim's shoulder "stiffness[,]" which impaired the

6

shoulder's normal functions, sufficient to constitute "protracted impairment" under § 565.002(6)).

The favorable evidence presented was sufficient for the trier of fact to conclude Defendant's deliberate head-on collision with Victim's vehicle resulted in Victim suffering serious physical injury in the form of protracted impairment of the function of Victim's back. Thus, there was sufficient evidence for the trial judge to find Victim did suffer a protracted impairment resulting in serious physical injury sufficient that second degree assault was established beyond a reasonable doubt. *See **Burrell**,* 160 S.W.3d at 801. Defendant's point is denied.

## Conclusion

The trial court's judgment is affirmed.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCURS

JEFFREY W. BATES, C.J. – CONCURS